RAGAN *et al.* v. KANSAS CITY & SOUTHEASTERN RAILROAD COMPANY, *Appellant.*

144 623
92a ³128

### Division Two, June 14, 1898.

1. **Appellate Practice:** FULL ABSTRACT: DISMISSAL. If an abstract contains enough of the evidence to be a substantial compliance with the rule of this court, the case will not be dismissed on the ground that the abstract is incomplete and imperfect.

2. **Instruction:** CONTRADICTORY OF PLEADINGS. As a general rule it is error to give an instruction which assumes as true a controverted fact Yet if the evidence is clear and conclusive and all one way, especially if it is record evidence, the giving of such instruction will not warrant a reversal.

3. ———: ASSUMPTION: WARRANTED BY THE FACTS. An instruction told the jury that there was no evidence that the defendant had, for any period of ten years, the open, notorious, continuous and adverse possession of the land in dispute. *Held,* that this assumption was warranted by the facts.

4. ———: TAKING POSSESSION OF LAND: ILLEGAL. Taking possession of another's land without any authority from him to do so, is illegal, even though the act was done in pursuance to a purchase from another unlawful taker.

5. **Damages:** QUALITY OF LAND. It is not error to tell the jury in estimating the damages by defendant's taking possession of plaintiff's land for a right of way to a railroad, to consider "the quality" of the land taken. This was no new element of damages in the case, although there was no allegation in the petition that the land was of any particular quality.

6. ———: INTEREST: RENTS. Interest on the damages sustained by plaintiff from the date his land is taken by a railroad company for right of way, can not be offset by rents received by him on such land unless the right to diminish the interest by such rents was set up in the answer.

7. ———: FOR RIGHT OF WAY: ONE HUNDRED FEET WIDE. Where the petition alleges that defendant has "appropriated a strip of land one hundred feet wide" and the answer avers that defendant is "in the lawful possession of the premises described in the petition," it is not

error to refuse an instruction that it was for the jury "to find whether the defendant took one hundred feet or less" and if less the damages should be proportionally reduced. Instructions must be consistent with the pleadings.

8. ————: MEASURE OF: TRESPASS. A railroad company can not, after taking possession of a strip of ground one hundred feet wide for a right of way, constructing a road bed, laying ties and rails thereon and running its cars over the same for several years, enter a disclaimer of any interest in the land and abandon it and, when called upon to respond in damages, claim it is only liable as a trespasser, and by that course escape making to plaintiff compensation for appropriating such ground, and for damages to the rest of the lot caused by such appropriation.

9. ————: TIME ASSESSED. Damages done by a railroad by reason of its appropriation of land for a right of way through plaintiff's lots, should be assessed as of the date the land was appropriated.

*Appeal from Jackson Circuit Court.*—HON. J. V. C. KARNES, Special Judge.

AFFIRMED.

*Johnson & Lucas* for appellant.

(1) Instruction numbered 1, given at request of plaintiffs, was erroneous. *First.* Because it told the jury that it was admitted that plaintiff, Lucinda H. Ragan, had the title. There was no such admission in the evidence. *Mather v. Walsh*, 107 Mo. 121; *Wilkerson v. Eilers*, 114 Mo. 245. *Second.* Whether the Kansas City, Memphis & Mobile Railroad Company, its successors or assigns, had possession for ten years was a controverted question of fact to be found from the evidence. The court could not properly take it from the jury. *Cook v. Railroad*, 63 Mo. 398. *Third.* Whether defendant's entry was illegal, depended on the duration and character of the possession of defendant's grantors. These were questions of fact which the jury should have been permitted to pass on. *Kelly v. Railroad*, 70 Mo. 604. (2) Instruction three given for

plaintiff was clearly erroneous. *First.* It introduced a new element of damage into damage cases—the quality of the land taken. There was no allegation in the petition that the land taken was of any particular quality, nor were any damages claimed on that account; therefore, the jury was not at liberty to consider any characteristics or attributes of the right of way over the lots of plaintiffs distinguishing them from other parts of the right of way, or distinguishing the part taken from the parts remaining. *Glass v. Gelvin,* 80 Mo. 297; *Woods v. Campbell,* 110 Mo. 572; *Bergeman v. Railroad,* 104 Mo. 77. *Second.* It allows the jury to add interest to any sum they may arrive at as the amount of the damages, but does not require the plaintiffs to account for rents received by them after the date of the taking, and the testimony shows that rents were received. *Plum v. Kansas City,* 101 Mo. 525; *Metter v. Railroad,* 37 N. J. Law, 222. (3) Instructions numbers 2, 3 and 5, asked by the defendant, should have been given. The possession by a railroad company of any part of the roadbed graded by it for its railroad, is the possession of the whole, because it is an entirety, and whether the predecessors of defendant had such possession was a question that should have been submitted to the jury. *Stewart v. Jones,* 40 Mo. 140; *Railroad v. Doe,* 114 U. S. 340. (4) Instruction number 9, asked by defendant, should have been given. Although the statute authorizes a railroad company to take, not exceeding one hundred feet in width, for its right of way, it does not compel it to do so. It was for the jury to say whether defendant took one hundred feet or less, and if it took less, the damages should have been proportionately reduced. R. S. of 1879, sec. 765; *Railroad v. Barrett,* 43 Am. and Eng. R. R. Cases, 595; *Railroad v. Railroad,* 85 Ill. 211. (5) The defendant

disclaimed any interest in the land, and the recovery of plaintiff should have been limited to the damages actually sustained. This included injury to the land in the temporary use and occupation thereof, not the permanent appropriation of the same; the record shows that the use and occupancy was temporary, not permanent and the measure of damages was such as had been actually sustained to the time of the trial, and not such as arose out of a permanent appropriation of the land. *Walker v. Railroad*, 57 Mo. 275; *Bradley v. Railroad*, 91 Mo. 500; *Childs v. Railroad*, 117 Mo. 432; Mill's Em. Dom. [1 Ed.], sec. 312; Lewis' Em. Dom., sec. 655; Art. II, sec. 21, Const. 1874. (6) The assessment of damages must be as of the date of trial, and of necessity as to the condition of the property at that time, plaintiff securing full compensation for all injuries suffered to that date. *Railroad v. Town Site Co.*, 103 Mo. 463; *Railroad v. Clark*, 121 Mo. 194; *In re Forsythe Boulevard*, 127 Mo. 421.

*Wash. Adams* and *N. F. Heitman* for respondents.

(1) On the proposition that the appeal ought to be dismissed for insufficiency of the abstract, we cite the following authorites: *Brand v. Cannon*, 118 Mo. 595; *Snyder v. Free*, 102 Mo. 325; *Thompson v. Allen*, 107 Mo. 479; *Cunningham v. Railroad*, 110 Mo. 208; *Brown v. Murray*, 53 Mo. App. 184; *Carlisle v. Russell*, 127 Mo. 465; *Trimble v. Nollman*, 62 Mo. App. 541; *Garrett v. Coal Mining Co.*, 111 Mo. 279; *Johnson v. Carrington*, 120 Mo. 315; *Mills v. McDaniel*, 59 Mo. App. 331; *Graig v. Scudder*, 98 Mo. 665. (2) The pretended disclaimer came too late. On this point see, especially: *Gray v. Railroad*, 81 Mo. 135; *In Re Water Comm'rs*, 31 N. J. Law 72. This case shows the legislative intention as to how soon

disclaimer must be made to escape liability for perma-
nent appropriation. *Railroad v. DeLissa*, 103 Mo. 129;
*Soulard v. St. Louis*, 36 Mo. 547; *Hickerman v. Mexico*,
58 Mo. 61; *Lafayette v. Shulty*, 44 Ind. 97; *Farnsworth
v. Boston*, 121 Mass. 173; *Jamison v. Springfield*, 53
Mo. 231.   (3)   The cases distinctly recognize the prin-
ciple that "by the judgment establishing and locating
the highway, before any act done toward fitting it for
use, the rights of the parties are fixed and vested,"
and the public acquire a right to the public easement
as long as it shall be their pleasure to use it.   And the
right of the owner of the land over which it passes, to
his compensation, is complete." *Hampton v. Coffin*, 4
N. H. 517.   "Abandonment of the road will not
justify recovery by the company of money paid out
to the landowner." *Stiles v. Midlesex*, 8 Vt. 440; *Neal
v. Railroad*, 31 Pa. St. 19; *Crowner v. Railroad*, 9
How. Pr. (N. Y.) 457; *Rogers v. St. Charles*, 3 Mo.
App. 41; *Hupert v. Anderson*, 35 Iowa, 578; *In re
Rhinebeek*, 67 N. Y. 242; *People v. Syracus*, 20 How.
Pr. (N. Y.) 491.   (4)   One who takes a conveyance
or mortgage from a company having possession of an
individual's land, for the purpose of public use, either
before or after condemnation, takes it subject to the
right of the owner to compensation. *St. Louis Co. v.
Clark*, 119 Mo. 357; *Railroad v. Ortiz*, 75 Tex. 602;
*Borough of Easton*, 47 Pa. St. 255; *Water Co. v.
Moyer*, 99 Pa. St. 615; *Drury v. Railroad*, 127 Mass.
571; *White v. Railroad*, 7 Heisk, 518; *Railroad v.
Griffin*, 107 Ind. 464; *Penn. Ins. Co. v. Heiss*, 141 Ill.
35; *Railroad v. Hammond*, 132 Ind. 475; *Martin v.
Fillmore Co.*, 44 Neb. 719; *Railroad v. Mitchell*, 74 Ill.
394.   (5)   A possible reverter is never contemplated
in the assessment of damages for land taken by a rail-
road.   The appropriation is regarded as permanent,
and the damages are awarded on that basis. *Miner v.*

*Railrod*, 123 N. Y. 242; Mills on Em. Dom., sec. 87; *Clayton v. Railroad*, 67 Iowa, 238; *Railroad v. Knolfli*, 82 Tex. 270. (6) There is nothing in the first assignment of error because the additional abstract shows that the court made no error in regard to the admission or exclusion of evidence, and because the defendant can not complain on this line by reason of its insufficent abstract. (7) There was no error in respondent's instruction 1 in reference to interest. *Webster v. Railroad*, 116 Mo. 121; *Jones v. Railroad*, 70 Ala. 227.

BURGESS, J.—This is an action for damages for the appropriation by defendant for its right of way of a strip of land one hundred feet wide through two lots in Westport, Jackson county, Missouri. The case was before this court on a former occasion (111 Mo. 456). The lots have a frontage of one hundred and thirty-two feet on Mill street, and are one hundred and twenty feet in depth.

In 1874 the Kansas City, Memphis & Mobile Railroad Company graded a roadbed across the lots, pulling down the fencing around the same, and part of a shedroom attached to a house. This company did not pay anything for the land taken, nor did it condemn it for right of way. From 1874 to 1887 nothing was done on the roadbed over these lots by said railroad company. Nor was the right of way in its actual adverse possession for more than ten years before 1889. In the latter part of the year 1886 the entire line of the Kansas City, Memphis & Mobile Railroad Company, including whatever rights that company had in the right of way over the lots in question, had been acquired by *mesne* conveyances and was owned by the Kansas City & Southeastern Railroad Company. About the same time this last named

company leased, during its corporate existence, to the defendant, its graded roadbed, including that over the lots in question, which, under this authority, in the year 1887, took possession of the graded roadbed, including that part of it extending across the lots and laid a track on it, and ran trains over it for about three years, after which time it asserted no claim to that part on the lots claimed by the plaintiff, Mrs. Ragan, but removed therefrom its ties and rails.   Other facts if deemed necessary will be hereafter stated in the opinion.   Plaintiffs recovered a verdict for $2,000. They thereafter remitted $500 of this sum, and judgment was rendered in their favor for $1,500.   Defendant appealed.

Before the case was argued in this court plaintiffs filed their motion to dismiss the appeal because of the insufficiency of the abstract for the alleged grounds that it does not set forth so much of the record as is necessary to a full and complete understanding of all questions presented to this court for decision; and does not set forth a copy of so much of the record as is necessary to be consulted in the disposition of all the assigned errors.   While the abstract is not as complete as it should be, it is not we think so imperfect as to justify a dismissal of the appeal upon that ground. It seems to be a substantial compliance with the rules of this court.

Several rulings of the court on the admission and rejection of testimony are assigned as error, but the objections seem to have been rather technical than otherwise.   There was nothing in the testimony thus admitted that could have in any way prejudiced the rights of defendant, or which would justify a reversal of the judgment upon that ground.

The court at the request of plaintiff and over the

objection and exception of defendant instructed the jury as follows:

"1. The court instructs the jury that it is admitted that plaintiff was the owner, as alleged, of the property described in the petition and there is no evidence that she ever granted to the Kansas City, Memphis & Mobile Railway Company, or its successors or assigns, the right of way over her lots, or that she was ever paid anything therefor, and there is no evidence that the Kansas City, Memphis & Mobile Railroad Company, its successors or assigns, ever had for a period of ten years prior to 1889, the open, notorious, continuous and adverse possession of said right of way over said lots; and the court declares as a matter of law, from the evidence, that the entry by the defendant upon plaintiff's said lots in 1887 was illegal, and the plaintiff is entitled to recover the damages then sustained by the act of the defendant in entering upon said premises and constructing and operating a railroad thereon.

"2. The court instructs the jury that in ascertaining the damages which the plaintiff is entitled to recover as against this defendant, you will take the lots and improvements in the condition in which they were when the defendant entered upon the premises in 1887, and any grading or damages done prior thereto, if any, you will not consider in arriving at your verdict.

"3. In estimating the damages to the land in controversy the jury will consider the quality and value of the land taken by the defendant company for a right of way, and the damages to the whole tract by reason of the road running through it, and deduct from the amounts the benefits, if any, peculiar to said tract of land, arising from the running of the road through the farm; and by peculiar benefits to the land

is meant such benefits as that land derives from the location of the road, which are not common to the other lands in the neighborhood; and in this connection you are instructed that the damages are to be fixed and determined as of the date that the defendant, the Kansas City & Southeastern Railroad Company, took possession of the lots in controversy in 1887 and not of any other date, and to the amount of damages so arrived at, if any, the jury may add interest at 6 per cent from date of taking to day of trial, but in no event can your verdict exceed $7,000.''

The following instructions were asked by defendant and refused:

''1. If you believe from the evidence, that the Kansas City, Memphis & Mobile Railroad Company entered into the possession of the premises in 1874, and constructed its grade thereon, then plaintiff's cause of action accrued more than ten years prior to the institution of this action and is barred by the statute of limitations, and you will find for the defendant.

''2. If you believe from the evidence, that in the year 1874, the Kansas City, Memphis & Mobile Railroad Company entered upon the premises in controversy, and defendant and its assigns have had the same in possession ever since, then your finding will be for the defendant; and in this connection you are instructed, that although you may believe that plaintiff, after the railroad company had graded its said roadbed, rebuilt the fences and cultivated the land, these facts alone are not sufficient to constitute an open, notorious, continuous and adverse possession. You must further believe that the plaintiff took the possession of said premises, intending to hold the same adversely to defendant and those under whom it claims, and that they have so held the same for a period of more than ten years prior to the time defend-

ant entered into the possession thereof; otherwise you are instructed that the possession of plaintiff was in law the possession of defendant and its grantors. And in this connection you are further instructed, that it was not necessary that the defendant should have been in possession of this property, now in controversy. If defendant was constructing its roadbed during this period, then the possession of the defendant was as to the whole of its line, and this is sufficient to warrant you in finding that the defendant was in possession of this property in connection with the remainder of its line.

"3.   If the Kansas City, Memphis & Mobile Railroad Company entered into the possession of the property in controversy, and threw up the grade for its roadbed, you are instructed that such acts constitute taking of the actual possession of the property, which is deemed to be adverse to all other claimants, and unless you believe that plaintiffs have been in the actual, peaceable, open, notorious and adverse possession of said premises for more than ten years subsequent thereto, you will find for the defendant.

"4.   If you should find from the evidence that plaintiffs took possession of the property in controversy in 1874 and that they had held open, notorious, continuous and adverse possession thereof up to the date of the filing of the suit herein, then the defendant is not liable for any damage done to the property by the Kansas City, Memphis & Mobile Railroad Company, and its only liability is for the value of the land actually taken by it in the condition it was at the time the company entered into the possession thereof, and you are not authorized to find any damages for plaintiff for any other portion of the property in controversy except that part that it actually took possession of.

"5.   If you do not find that plaintiff has held the open, notorious, continuous and adverse possession of

the property in controversy from 1874 or 1875 up to the time of the institution of this action, but that the possession thereof was in the Kansas City, Memphis & Mobile Railroad Company, its successors and assigns, then the action of the plaintiff is barred by the statute of limitations, and she can not recover herein.

"6. You are instructed that under the pleading herein the defendant has abandoned all claim, right, title or interest to the property in controversy, and in consequence of such abandonment the plaintiff can not recover as for the value of the property so taken; its recovery being limited to such damages as the plaintiff may have sustained by direct injury to the property in the entering into the possession and the use thereof, and her right of recovery is limited to the same.

"7. If the jury believe from the testimony that the plaintiff, Lucinda Ragan, was paid for a right of way for a railroad over the lots described in the petition, by the Kansas City, Memphis & Mobile Railroad Company, their finding must be for defendant; provided you do not further believe from the testimony that since said payment said plaintiff has obtained title to said right of way by open, notorious, continuous and adverse possession thereof for ten years.

"8. If you should find the issue joined for the plaintiff, then you are instructed that the measure of her damages is as follows: If you believe that the defendant abandoned the possession of the premises in 1891, and has not since that time laid any claim thereto, then the measure of recovery on the part of the plaintiff is such damages as may have actually been done by defendant in the taking of possession of said premises, and the repair of the grade thereon, and any damage that may have been done to the fences, the house, or the orchard on the same, and the reasonable rental

value of the property up to the time that defendant abandoned the premises.

"9. If you should find for the plaintiff, you are not at liberty to assess her damages as for the taking of a strip of land one hundred feet in width for right of way; but you are only authorized to assess the damages for the property actually taken by the railroad company; that is, the roadbed proper, and such damages as may have accrued to the remainder of the premises by the taking of the same."

To the action of the court in refusing the instructions asked by defendant an exception was duly saved.

The plaintiffs' first instruction is criticised upon several grounds, which will be considered in their order. *First*, because it told the jury that it was admitted that plaintiff, Lucinda H. Ragan, was the owner of the lots described in the petition, when her title to the property was expressly denied in the anwer. As a general rule it is error to give an instruction which assumes as true a controverted fact (*Mather v. Walsh*, 107 Mo. 121; *Wilkerson v. Eilers*, 114 Mo. 245); yet if the evidence is clear and conclusive, and all one way, and especially if record evidence, as in this case, the giving of such an instruction will not warrant a reversal. *Caldwell v. Stephens*, 57 Mo. 589; *Mauerman v. Siemerts*, 71 Mo. 101; *Carroll v. Railroad*, 88 Mo. 239. Mrs. Ragan showed a regular chain of title from the State to William P. Lee, her trustee, and a certified copy of an order of the circuit court of Jackson county, Missouri, appointing the plaintiff, Thomas H. Kennedy, trustee, in place of William P. Lee, deceased, and there was no evidence that the title was in any other person.

Another objection urged against this instruction, is, as to whether the Kansas City, Memphis & Mobile Railroad Company, its successors or assigns, had

possession for ten years was a controverted question of fact to be found from the evidence, while the instruction assumed that there was no evidence that it ever had for a period of ten years prior to 1889, the open, notorious, continuous and adverse possession of said right of way over said lots. This assumption we think warranted by the facts, which showed that said company was not in the adverse possession and occupancy of said right of way for a period of ten years prior to 1889.

A still further criticism is that whether defendant's entry was illegal, depended on the duration and character of the possession of defendant's grantors, which were questions of fact that should have been submitted to the jury. It appears from the record that defendant in 1887, took possession of the graded roadbed, including that part of it across the lots of plaintiff without any authority whatever from plaintiffs, which of course was illegal, and no error was committed in so telling the jury.

The third instruction given for plaintiff is said to be clearly erroneous, in that it introduced a new element in damage in cases of this character, that is, the quality of the land taken. It is argued by defendant that there was no allegation in the petition that the land taken was of any particular quality, nor were any damages claimed on that account, and therefore the jury was not at liberty to consider any characteristics or attributes of the right of way over the lots of plaintiffs distinguishing them from other parts of the right of way, or distinguishing the part taken from the parts remaining. We are not impressed with either the assertion that this instruction "is clearly erroneous" because of the use of the word "quality," or with the argument adduced in support of it. How or in what way it introduced a new element of damages into the

case we are unable to see. The value of the land for all purposes was for the consideration of the jury, and its quality might have been a very important factor in estimating its value for some purposes. Certainly the use of this instruction is not reversible error, nor was it a departure from the allegations in the petition.

It is also urged against this instruction that it allowed the jury to add interest to any sum they might arrive at as the amount of the damages allowed, but did not require the plaintiffs to account for rents received by them after the date of the taking possession of the property by them, while the testimony shows that rents were received by them during that time. A sufficient answer to this objection is that no such question was raised by the answer, or in the motion for a new trial, and can not now be raised for the first time in this court.

Another insistance is that instructions numbered two, three, and five asked by defendant should have been given, for the reason, as contended, that the possession by a railroad company of any part of the roadbed graded by it for its railroad, is the possession of the whole, because it is an entirety, and whether the predecessors of defendant had such possession was a question that should have been submitted to the jury.

These instructions were properly refused because there was no evidence upon which to predicate them. This was evidently the opinion of the court from the fact that in the first instruction given on behalf of plaintiffs the jury were so told. It is not error to refuse instructions when there is no evidence upon which to base them.

It is argued by defendant that although the statute authorizes a railroad company to take not exceeding one hundred feet in width, for its right of way, it does not compel it to do so, and that it was for the jury to

say whether defendant took one hundred feet or less, and if less the damages should have been proportionately reduced, and as the ninth instruction asked by it was upon this theory of the case, that it should have been given. The petition alleges that defendant has appropriated a strip of land one hundred feet in width, where its railroad is located over said premises of the plaintiff Lucinda H. Ragan, and still retains possession of the same, while the answer avers that defendant was, at the institution of the action, in the lawful possession of the premises described in the petition, and was at that time the lawful lessee thereof for railroad purposes. These averments in the answer are susceptible of no other meaning than that defendant took possession of a strip of land one hundred feet in width where its railroad is located over plaintiffs' lots as alleged in the petition and that it was in the possession thereof at the time of the commencement of this suit, and no further evidence was necessary to establish the width of the strip of land so taken and possessed by defendant. This instruction was not in accord with the allegations in the answer, and was properly refused. Instructions must be consistent with the pleadings.

Nor do we think instructions 6 and 8 asked by defendant should have been given, and the second and third given for plaintiffs refused. This position is bottomed upon the disclaimer by defendant of any interest in the land, and upon the theory that plaintiffs can only recover as for a trespass. But the disclaimer came too late. Defendant could not after taking possession of a strip of ground one hundred feet wide through plaintiffs' lots, constructing a roadbed and laying ties and iron thereon, and then running its cars over the same for several years, when called upon to respond in damages abandon the same and thereby escape making compensation therefor. When defendant appropriated

plaintiffs' land to its own use and erected a permanent structure thereon their right to compensation therefor, and damages by reason of such appropriation to the balance of the lots, became fixed, and defendant could not thereafter abandon the land taken, and thereby avoid making compensation for it without the consent of plaintiffs.

A final contention is that the assessment of damages must be as of the date of trial, and of necessity, as to the condition of the property at that time, plaintiff securing full compensation for all injuries suffered at that date. But this position is untenable for the reason that when this case was here before it was expressly held that the damages were to be assessed as of the time of the taking and appropriating the lands, and in accordance with that ruling the case was tried in the court below.

Finding no reversible error in the record the judgment is affirmed. GANTT, P. J., and SHERWOOD, J., concur.