BROWN et al., Respondents, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, March 31, 1908.

1. PARTIES: Damage to Real Estate: Misjoinder of Parties: Consequential Damages. In an action against a railroad company for appropriating a part of the plaintiff's ground for its right of way and damage to the remainder, without condemnation proceedings, where the owner of the land at the time of the appropriation of the right of way, and his subsequent grantee, were made parties plaintiff and where no objection to misjoinder of parties was made by answer or otherwise, a judgment for damages in favor of the plaintiffs for the value of that part of the land taken and for damage to the remainder, was not reversible error.

2. ——: ——: ——: ——: Res Judicata. The present owner could recover for the value of the land taken and the former owner for the damage to the portion not taken, and a judgment in their favor for the entire damage would be a bar to a subsequent action by either.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley, Judge.*

AFFIRMED.

*W. F. Evans* and *Moses Whybark* for appellant.

Plaintiff Brown purchased the land long after the railroad was constructed and in operation, and knew all the facts and circumstances surrounding the situation. He was not entitled to any consequential damages which resulted to the tract of land by reason of the location of the road over it, and plaintiffs' second instruction, under the facts in the case, on the measures of damages was wrong. Railway v. Nyce, 48 L. R. A. 241; 61 Kan. 394; 59 Pac. 1040; Railroad v. Loeb, 118 Ill. 203; Railroad v. Trevarthen, 1 Col. App. 152, 27 Pac. 1013; Bruce v. Railroad (Fla.), 41 So. 883; Robinson v. Norwood Borough, 27 Pa. Sup. Ct. 481; 7 Current Law, p. 1316, n. 95; 2 Lewis on Em. Dom. (2 Ed.), sec. 318, p. 783; Brown v. Hartzell, 87 Mo. 568.

*Ward & Collins* for respondents.

(1) Respondents brought the right kind of action, and are entitled to recover in the sort of suit. Webster v. Railroad, 116 Mo. 118; Doyle v. Railroad, 113 Mo. 287; Bradley v. Railroad, 91 Mo. 493; Baker v. Railroad, 57 Mo. 265. (2) The measure of damages as declared by the court in its instruction to the jury were right and proper and in the approved form of the appellate courts of this State. Ragan v. Railroad, 144 Mo. 630; McElroy v. Railroad, 172 Mo. 546.

GOODE, J.—These plaintiffs sued for the value of a strip of land alleged to have been appropriated by the defendant railroad companies for right of way, without condemning it, and for damage done to the remainder of the tract through which the strip runs. The parcel taken is one hundred feet wide and thirteen hundred feet long, comprising three acres out of a forty-acre tract. Plaintiffs claim $100 an acre, or $300

for the value of the parcel appropriated and $1,000 as the damage done to the remainder. The jury awarded them $300 in all and judgment having been entered for that sum, defendants appealed.

It was proved the St. Louis, Moorehouse and Southern Railroad Company cut the right of way through the tract in 1901, constructed the roadbed by September, 1902, and laid the rails in January, 1903. On those dates the land belonged to plaintiff Lillie Weaver as sole heir of her deceased father and a deceased sister. The sister had been married, but died without issue and plaintiff, James Weaver, husband of Lillie, purchased whatever interest the surviving husband of the deceased sister may have owned. Lillie and James Weaver conveyed the forty acres to plaintiff Brown February 26, 1904, but prior to said date had conveyed and sold small portions of the tract to other persons. The St. Louis, Moorehouse and Southern Railroad Company, which had originally appropriated the strip for right of way, conveyed its interest therein to the St. Louis & Gulf Railroad Company, which in turn conveyed to the St. Louis, Memphis & Southeastern Railroad Company, and the latter company is now the owner, but has leased its railroad, franchises and appurtenances to the St. Louis and San Francisco Railroad Company, which operates the road and has since June 1, 1904. Several defenses were pleaded in the answer, but as some of them are not noticed in the brief for the defendant, we will say nothing about them. We find but one assignment of error which deserves attention or is much pressed. This is that as Brown, with knowledge of the acts of the railway companies, bought the tract through which the right of way runs, after the railroad company had appropriated the strip used for right of way, and had constructed its road, he was not entitled to recover for injury to the remainder of the tract, but only for the value of the

land taken. The several points pressed as grounds for
a reversal of the judgment relate to this one, it being
insisted the court should have framed the instructions
on the measure of damages and other issues so as to
exclude a recovery for anything but the value of the
ground actually appropriated.    We would accept this
proposition as sound but for the fact that the Weavers
who conveyed the ground, are joined as parties plain-
tiff with Brown; and if it is correct to say, as we
think it is, that the right of recovery for damages to
the portion of the tract not appropriated for right of
way, remained with them as owners of the entire tract
at the time the strip was appropriated, then both the
value of the strip itself and the damage for injury to
the rest of the tract can be recovered in the present
action. · Brown can recover for the ground appropri-
ated and the Weavers for damage to the part not appro-
priated.    This was expressly decided by the Supreme
Court in Webster v. Railroad, 116 Mo. 114, 122, in which
case it appeared that after the entry on the land of those
plaintiffs by the railroad company, the taking of a
strip for right of way and the construction of a rail-
road on the strip, one of the then owners of the entire
tract conveyed his interest.    But this owner was
joined in the action as a coplaintiff with the party to
whom he had conveyed, and judgment was demanded
for the value of the land taken and the damage to the
remainder. · It was objected that the grantor in the
conveyance executed after the appropriation, was im-
properly united as a plaintiff with the grantee.    In the
opinion the court said it was needless to inquire
whether the deed had the effect of transferring to the
grantee the right to recover the damages incurred prior
to the conveyance, because the railroad company was
not prejudiced by the joinder of the plaintiffs; that
both the grantor and grantee being parties to the suit,
it was immaterial to the company which plaintiff was

entitled to the damages, as both would be precluded by the judgment from suing again; and that was all the interest the railroad company had in the matter. So it is here. Misjoinder of parties plaintiff was not set up in the answer as a defense; nor, indeed, has it been contended on the appeal there was a misjoinder. The point insisted on is that Brown, the grantee, can only recover the value of the strip and not damages for injury to the rest of the tract, the injury having occurred prior to his purchase. But if he cannot recover for the damage, his grantors and coplaintiffs can; and as said in the Webster case, the defendants will be fully protected by the judgment in the present case against any further demand by either plaintiff.

Complaint is made of the instructions, but only with reference to the above point. The instructions on the measure of damages were correct and were in the form approved by the Supreme Court in Ragan v. Railroad, 144 Mo. 623, 46 S. W. 602. In an instruction granted at the request of the defendants, the jury was forbidden to allow damages for any injury the building of the railroad caused to those small portions of the forty acres which had been sold by the Weavers to other persons prior to the date of their conveyance to Brown. The case was well instructed and was tried without error; therefore the judgment will be affirmed. It is so ordered. All concur.