[Civil No. 1114.   Filed January 16, 1911.]

[112 Pac. 844.]

PHOENIX RAILWAY COMPANY, a Corporation, Defend-
ant and Appellant, v. LEE H. LANDIS, Administrator
of the Estate of GEORGE W. SANDERS, Deceased,
Plaintiff and Appellee.

TRIAL—INSTRUCTIONS—OMISSIONS—NECESSITY FOR REQUEST.—An in-
struction that, in determining damages for negligent death, the jury
could consider decedent's habits, is not prejudicial error for failing
to specify the habits subject to consideration, in the absence of a
request for an instruction covering the omission.

APPEAL from a judgment of the District Court of the
Fourth Judicial District, in and for Yavapai County.   Rich-
ard E. Sloan, Judge.   Affirmed.

On rehearing.   Affirmed.

For former opinion, see *ante,* p. 80, 108 Pac. 247.

PER CURIAM.—In our former opinion in this case we
affirmed the judgment of the lower court, but subsequently
granted a rehearing, in order that we might further consider
whether the lower court committed error in giving an instruc-
tion upon the measure of damages which charged the jury that
in determining the measure of damages they should take into
consideration the habits of deceased, but failed to specify par-
ticularly what habits they were authorized to so consider.

If appellant desired that the court instruct with greater
particularity as to *what* habits should be considered it should
have presented to the court and requested the giving of in-
structions fully covering the subject in accordance with its
view of the law.   Having failed so to do, it is not now entitled
to complain of the omission.   This, we think, is the generally
accepted view.   *Backus* v. *Fort Street Union Depot,* 169 U. S.
557, 18 Sup. Ct. 445, 42 L. Ed. 853; *Kansas City etc. Ry. Co.*
v. *Henrie,* 87 Ark. 443, 112 S. W. 967; *Galveston Oil Co.* v.
*Malin,* 60 Tex. 645; *Sharon* v. *Winnebago Furniture Mfg. Co.,*
141 Wis. 185, 124 N. W. 299; *Warren etc. R. Co.* v. *Waldrop*

(Ark.), 123 S. W. 792; *Greenway* v. *Taylor Co.*, 144 Iowa, 332, 122 N. W. 943.

No prejudicial error appearing, the judgment of the lower court is affirmed.

The CHIEF JUSTICE, being disqualified, took no part in the determination of this cause.