[Civil No. 2351.   Filed July 14, 1925.]

[238 Pac. 336.]

GILA WATER COMPANY, a Corporation, Appellant, v. GILA LAND & CATTLE COMPANY, a Corporation, Appellee.

1. APPEAL AND ERROR—ASSIGNMENT CONCERNING ADMISSION OF EVIDENCE HELD NOT ENTITLED TO CONSIDERATION.—Assignment concerning admission of evidence *held* not entitled to consideration, in absence of objection or motion to strike after its admission.

2. JUDGMENT — NOT ERROR TO INSTRUCT THAT PREVIOUS DECREE AWARDED PLAINTIFF PRIORITY WHERE DECREE IS IN EVIDENCE.— Where complaint, answer and judgment in a previous case were admitted in evidence without objection, it was not error for court to instruct that in previous case plaintiff had been awarded water appropriation superior to rights of defendant, even though previous decree did not give date of acquisition of plaintiff's right.

3. TRIAL—COURT'S INSTRUCTION TO JURY ON QUESTION OF FACT CON-
CLUSIVELY ESTABLISHED BY EVIDENCE IS NOT ERROR.—Court's in-
struction to jury on question of fact conclusively established by
evidence is not error.

4. WATERS AND WATERCOURSES—INSTRUCTION ON DAMAGES FOR WRONG-
FUL DIVERSION OF WATER HELD NOT OBJECTIONABLE.—Instruction
stating the measure of damages for being prevented from planting
and cultivating land for growing crops, by reason of defendant's
wrongful diversion of water to which the owner of such land was
entitled, *held* not objectionable as allowing recovery as to that
part of land which did not have a valid appropriation of water.

5. DAMAGES—REASONABLE RENTAL VALUE AS MEASURE OF DAMAGES
FOR LAND WRONGFULLY DETAINED.—Where land is prepared for
growing crops but is not planted and cultivated by reason of
another's wrongful act, measure of damages is reasonable rental
value.

6. APPEAL AND ERROR—DEFENDANT HELD NOT ENTITLED TO COMPLAIN
OF INSTRUCTION RELIEVING HIM FROM LIABILITY FOR DIVERSION OF
WATERS CAUSED BY PLAINTIFF.—In action for damages for wrong-
ful diversion by defendant of water to which plaintiff was entitled,
defendant *held* not entitled to complain of instruction that dam-
ages apparently caused by plaintiff's fault could not be charged
against defendant.

7. TRIAL — REFUSAL TO GIVE INSTRUCTION COVERED BY INSTRUCTION
GIVEN HELD NOT ERROR.—Refusal to give instruction covered by
instruction given *held* not error.

8. TRIAL—INSTRUCTIONS, CORRECT IN ABSTRACT SENSE, BUT NOT IN-
VOLVED IN ISSUE PRESENTED, HELD PROPERLY REFUSED.—Instruc-
tions, correct in abstract sense, but not involved in issue presented
by pleadings and evidence, *held* properly refused.

9. TRIAL—INSTRUCTION AS TO INTAKE OF CANAL HELD PROPERLY RE-
FUSED AS ONE ON FACTS.—In action for damages for wrongful
diversion by defendant of water to which plaintiff was entitled,
instruction as to intake of plaintiff's canal *held* properly refused
as one on the facts.

See (1) 3 C. J., pp. 807, 817. (2) 34 C. J., p. 902. (3) 38 Cyc.,
p. 1667. (4) 40 Cyc., p. 734 (Anno.). (5) 17 C. J., p. 883.. (6)
4 C. J., p. 918. (7) 38 Cyc., p. 1711. (8) 38 Cyc., p. 1613. (9)
38 Cyc., p. 1647.

3. See 14 R. C. L. 746.
7. See 14 R. C. L. 752.
8. See 14 R. C. L. 782.

APPEAL from a judgment of the Superior Court of the County of Maricopa. M. T. Phelps, Judge. Affirmed.

Messrs. Ainsworth & De Longy, for Appellant.

Mr. Richard E. Sloan, Mr. C. R. Holton, and Mr. Greig Scott, for Appellee.

LOCKWOOD, J.—Gila Land & Cattle Company, a corporation, hereinafter called plaintiff, brought suit against the Gila Water Company, a corporation, hereinafter called defendant, for damages it claimed to have suffered by the wrongful diversion by defendant of water to which plaintiff was entitled. The case was tried to a jury, which returned a verdict for plaintiff in the sum of $18,092. Judgment was duly entered on the verdict, and, after the usual motion for a new trial was made and overruled, defendant appealed. There are some 17 assignments of error, which we will consider in their order:

The first six refer to the admission of certain evidence. So far as these assignments are concerned, it appears that no objection was made at the trial to the admission of this evidence, nor was there a motion to strike after it had been admitted. We therefore cannot consider them. 3 C. J. 807.

The next objection is that the court instructed the jury that, in a previous case between plaintiff and defendant, it was adjudicated, on September 26, 1922, that plaintiff had a valid appropriation of water for 12 cubic feet per second superior to any rights of defendant. The contention apparently is that, since such decree does not give the date of the acquisition of plaintiff's water right, it is not admissible in order to prove such right was superior to that of defendant for the year 1921, when the damages set up in the

first cause of action are said to have accrued, and that the instruction was one of fact and not of law. The complaint, answer, and judgment in the case referred to were admitted in evidence in this case without objection, and we think established conclusively that plaintiff's appropriation was long anterior to the date of the alleged damages. It is not error for the court to instruct the jury on a question of fact conclusively established by the evidence. *Ragan et al.* v. *Kansas City & S. E. R. Co.,* 144 Mo. 623, 46 S. W. 602; 38 Cyc. 1667.

The instruction next complained of hinges on the one just discussed, and since that was correct, the following one was necessarily right.

The instruction quoted below is objected to:

"The court instructs the jury that, where land is prepared for growing crops, but the same is not planted and cultivated by reason of the wrongful act of another, the measure of damages in such case is the reasonable rental value of the land during the time the land was prevented from being cropped by reason of such wrongful act."

It is not claimed the general principle laid down is wrong in the abstract, but it is urged that the instruction as given allowed recovery for some land which had not a valid appropriation of water. We do not think the language of the instruction is susceptible of this interpretation, as it plainly does not mention what, if any, land was affected.

The measure of damages for the destruction of growing crops, given by the court in its instructions, is also complained of. This was certainly as favorable to the defendant as it was entitled to. *Beville* v. *Allen, ante,* p. 397, 237 Pac. 184, just decided.

The instruction that, if the damages were apparently caused by the fault of plaintiff, the amount so caused could not be charged against the defendant

was obviously correct, and we think defendant could have no complaint thereof.

Defendant asked the court to give the following instruction:

"You are instructed it was not incumbent upon the defendant in the year 1923 to permit the normal flow of the Gila river to pass its dam unobstructed to the extent of making possible a diversion of twelve (12) second feet of same by the plaintiff into its canal system, or so much thereof as shall be necessary for the proper irrigation of same, but only so much as would be necessary to enable plaintiff to irrigate its lands, then planted and in cultivation. In other words, that proportion of the twelve (12) second feet that 370 acres bears to 1010 acres or so much thereof as shall be necessary for the proper irrigation of same."

After carefully reading this instruction, we are inclined to think it was intended to state a proposition of law which is true, viz., that plaintiff was only entitled to so much water as would be necessary to enable it properly to irrigate its lands, but the instruction as requested is so ambiguously worded it is doubtful if the jury would have gained the proper impression from it, and, since the correct principle is stated elsewhere in the instructions, we think the court did not err in refusing to give this one.

The next two instructions requested by defendant correctly stated an abstract principle of law, but since the pleadings and evidence did not present an issue involving it, the trial court properly refused to give the instruction. *Gila Valley etc. Railway Co.* v. *Lyon,* 8 Ariz. 118, 71 Pac. 957; *Ewing* v. *United States,* 11 Ariz. 1, 89 Pac. 593; 38 Cyc. 613.

The instruction asked by defendant regarding the intake of plaintiff's canal was one on the facts and not on the law, and it was correct to refuse it.

The last assignment of error is clearly insufficient. There is evidence in the record which, if believed by the jury, as it evidently was, amply sustains the verdict. The testimony in regard to land not given water rights was not objected to, nor was there a motion to strike it, and we cannot say the jury was affected thereby.

This disposes of all the points raised by defendant. It appearing to the court for the foregoing reasons that no reversible error was committed by the trial court, the judgment appealed from is affirmed.

McALISTER, C. J., and ROSS, J., concur.