[Civil No. 2376. Filed October 9, 1925.]

[239 Pac. 792.]

J. H. WILLIAMS, Appellant, v. E. C. LLOYD and VERN FARR, Doing Business as the "FIVE POINTS CAFETERIA," a Copartnership, Appellees.

1. TRIAL—FAILURE TO INSTRUCT AS TO WATER RENT NOT ERROR, WHERE COVERED BY GENERAL INSTRUCTION, AND NO SPECIAL INSTRUCTION REQUESTED.—In action for rent, failure to instruct in regard to water rent was not error, where general instruction

---

1. See 14 R. C. L. 795.

governed this point and since, if plaintiff desired more particularity, he should have requested special instructions.

2. LANDLORD AND TENANT—NO ERROR IN REFUSING WRITTEN LEASE IN EVIDENCE, WHERE PARTIES AGREED TO BE ACTING UNDER SUBSEQUENT ORAL LEASE, AND NO TERMS OF WRITTEN LEASE DISPUTED. In action for rent, refusal to admit a written lease in evidence was not error, where both parties agreed they were acting under a subsequent oral lease, and record did not show that terms of written lease were disputed.

3. TRIAL—ASSUMPTION IN INSTRUCTIONS OF FACTS ADMITTED OR AGREED TO NOT ERROR.—In action for rent, court's assumption in its instructions of facts which are admitted or agreed to by both parties is not error.

4. TRIAL—WHERE BOTH CROSS-COMPLAINT AND COMPLAINT ASKED FOR MONEY JUDGMENT, JURY MAY RETURN GENERAL VERDICT FOR BALANCE STRUCK.—Where both cross-complaint and complaint asked for a money judgment, the jury need not find separate verdicts on each pleading, but may strike a balance and return a general verdict for that balance.

See (1) 38 Cyc., pp. 1693, 1711.    (2) 36 C. J., p. 436.    (3) 38 Cyc., p. 1670.    (4) 38 Cyc., p. 1889.

APPEAL from a judgment of the Superior Court of the County of Maricopa. M. T. Phelps, Judge. Affirmed.

Mr. R. E. L. Shepherd, for Appellant.

Messrs. Cox & Moore, for Appellees.

LOCKWOOD, J.—J. H. Williams, hereinafter called plaintiff, brought suit against E. C. Lloyd and Vern Farr, doing business as the Five Points Cafeteria, a copartnership, hereinafter called defendants, for $240, alleged to be the balance due for rent and water on a certain building rented by plaintiff to defendants.

Defendants answered denying any indebtedness and also filed a counterclaim for $14.50, which they alleged they had overpaid plaintiff. The case was tried to a

3.   See 14 R. C. L. 739.

jury, which returned a verdict in favor of defendants for one dollar, and after the usual motion for new trial was made and overruled, plaintiff appealed.

There were two issues of fact in the case. The first was the rate of rent defendants contracted to pay, and the second the total amount of their credits. Both parties agreed that, when defendants first occupied the premises, it was under a written lease calling for rent, including the water, at $77.50 per month to July 1, 1921, and $100 per month thereafter. They also agreed the rent was paid to July 1, 1921, and that about that time there was a new oral agreement made. Plaintiff insists it was for a rental at the old rate, while defendants contend it was at $50 per month. Plaintiff gave defendants credit for payments on account of rent of $239.50. Defendants claimed they had actually paid $14.50 more than the rent amounted to at $50 per month or approximately $325. The jury, from their verdict, must have found the agreement was for $50 per month and that defendants had claimed $13.50 more credit than they were entitled to. The evidence on both issues was in sharp conflict and we will not review the findings of the jury on the facts. *McCord* v. *McCord,* 13 Ariz. 377, 114 Pac. 968.

There are some eight assignments of error, which we will consider as seems best.

The first assignment of failure to instruct the jury in regard to the water rent is without merit. General instructions were given including this feature, and if plaintiff desired the matter gone into more particularly he should have requested a special instruction. *Phoenix R. Co.* v. *Landis,* 13 Ariz. 279, 112 Pac. 844; *Ariz. Pub. Co.* v. *Harris,* 20 Ariz. 446, 181 Pac. 373.

It was not error to refuse to admit the written lease in evidence. Both parties agreed they were acting

under a subsequent oral lease, and it does not appear from the record that the previous written lease contained any terms which were disputed by the parties, or which could throw any light on the case.

We find no assumption in the instructions whatever in regard to facts which were in dispute, and it is not error for the court to assume in its instructions facts which are admitted or agreed on by the parties. *Gila Water Co.* v. *Gila Land & C. Co.*, 28 Ariz. 531, 238 Pac. 336; *Ragan et al.* v. *Kansas City & S. E. R. Co.*, 144 Mo. 623, 46 S. W. 602; 38 Cyc. 1667.

The sixth and seventh assignments raise the point that, when a defendant sets up a cross-complaint as against a complaint, both of which ask for a money judgment, the jury may not be permitted to strike a balance and return a general verdict for that balance, but must find separate verdicts on each pleading. This is, or at least was at an early day, the rule in Tennessee. *Anderson* v. *Anderson,* 4 Hayw. (Tenn.) 255; *Buchanan* v. *Smith,* 1 Baxt. (Tenn.) 350.

Such a rule, however, is highly technical, and is not supported by the weight of authority. *Clemons* v. *Clemons,* 68 Vt. 77, 34 Atl. 34; *Edleman* v. *Kidd,* 65 Wis. 18, 26 N. W. 116; *Beers* v. *Flock,* 2 Ind. App. 567, 28 N. E. 1011; *Guthrie* v. *Brown,* 42 Neb. 652, 60 N. W. 939. Nor do we consider it in consonance with common sense. Juries are supposed to have ordinary intelligence, and we cannot assume that in a case like this they were confused or misled by having but two verdicts submitted to them. In fact, the four verdicts suggested by plaintiff would, in our opinion, have been much more likely to have that effect.

The last objection is answered by the verdict of the jury. Finding no error in the record, the judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.