## No. 127.

## BEERS v. FLOCK.

VERDICT.—*Sufficiency of.—Complaint.—Counter-Claim.*—Where the allegations of a complaint, and those of a counter-claim filed thereto, are of such a nature that the finding rendered for the defendant upon the counter-claim necessarily involves a finding against the plaintiff upon the complaint, the verdict is not defective by reason of the failure of the jury to find expressly on the complaint.

NEW TRIAL.—*Newly-Discovered Evidence.—Reasonable Diligence.—Failure to Show.*—There is no error in refusing to grant a new trial on the ground of newly-discovered evidence, when the affidavits filed in support of the motion do not show that the party filing the same could not with reasonable diligence have discovered and produced at the trial the alleged newly-discovered evidence.

From the Elkhart Circuit Court.

*H. D. Wilson* and *W. J. Davis*, for appellant.

*W. H. Vesey* and *C. W. Miller*, for appellee.

BLACK, J.—The appellant sued the appellee, alleging an indebtedness of the latter to the former for ten tons of hay, sold and delivered at a certain agreed price per ton.

The appellee answered by general denial and by other paragraphs, to which the appellant replied by denial. The appellee also filed a counter-claim, to which the appellant pleaded a denial.

A jury returned a verdict for the appellee on his counter-claim, assessing his damages at $44.60.

The court overruled the appellant's motion for a *venire de novo* and his motion for a new trial.

It is insisted on behalf of the appellant that the verdict was defective, by reason of the failure of the jury to find expressly on the complaint.

In the counter-claim the appellee set up a warranty of the quality of the hay, and a breach thereof, whereby the hay was rendered " unmarketable and utterly without value whatever;" and, among other things, it was alleged that the

appellee was forced to pay, and did pay, freight on the hay in the sum of $44.60, etc.

The allegations of the complaint and those of the counter-claim were of such a nature that the finding rendered for the defendant upon the counter-claim necessarily involved a finding against the plaintiff upon the complaint.    The substance of the issues was contained in the verdict, and in such case the verdict must be treated as sufficient.    *Chambers* v.. *Butcher*, 82 Ind. 508 (516).

There was no error in overruling the motion for a *venire de novo*.

There was evidence tending to sustain the verdict, therefore we can not disturb the result reached in the trial court because of insufficiency of the evidence.

One cause assigned in the motion for a new trial was newly-discovered evidence.

The affidavits filed in support of the motion did not show that the appellant could not, with reasonable diligence, have discovered and produced at the trial the alleged newly-discovered evidence.

There was no error, therefore, in refusing to grant a new trial for this cause.

It is insisted that the court erred in all of its instructions to the jury.    It appears to us that the merits of the cause were fairly tried and determined.    No useful purpose could be subserved by a discussion of the instructions.

The judgment is affirmed.

Filed Oct. 28, 1891.