WILLIAM H. NICHOLS GARAGE, INCORPORATED, *v.*
MILLER.

[No. 12,566.   Filed October 12, 1926.]

1.   TRIAL.—*Venire de novo should be granted when verdict fails to find on all the issues.*—A *venire de novo* should have been granted in an action of replevin where the defendant pleaded a counterclaim asking damages for a breach of warranty and the jury returned a verdict awarding dama'ges on the counterclaim without mentioning the issue tendered by the complaint as to the right of the plaintiff to have possession of the automobile sought to be replevied (*Chambers* v. *Butcher*, 82 Ind. 508, and *Beers* v. *Flock*, 2 Ind. App. 567, distinguished)'. p. 204.

2.   SALES.—*Verdict awarding damages on a counterclaim in action of replevin would not preclude plaintiff's recovery of possession on his complaint.*—In an action by the seller of an automobile for possession thereof because of breach of conditions in the sale contract, a verdict awarding the defendant' damages on his counterclaim for breach of warranty would not preclude plaintiff's recovery on his complaint, as his right to possession was a matter of contract which the buyer recognized by filing his counterclaim.   p. 204.

From St. Joseph Circuit Court; *Cyrus E. Pattee,* Judge.

Action by the William H. Nichols Garage, Incorporated, against Frank J. Miller, in which the latter filed a counterclaim.   From a judgment for defendant on the counterclaim, the plaintiff appeals.   *Reversed.*   By the court in banc.

*George L. Rulison* and *Arnold, Carson & Judie,* for appellant.

*P. C. Fergus,* for appellee.

REMY, J.—Appellee purchased of appellant a certain automobile, title to remain in appellant until notes given for balance of purchase price were paid.   One of the notes not having been paid at maturity, appellant commenced this action in replevin.   The complaint was in the usual form, it being averred that plaintiff was the

owner of the automobile, and entitled to immediate possession.    Appellee, as defendant, answered by denial, and filed a counterclaim in two paragraphs; the first for damages for breach of warranty; second asked that the note not paid at maturity be canceled for certain alleged acts of fraud.    Answer in denial to the paragraphs of counterclaim closed the issues.

At the trial, the court submitted to a jury the issue tendered by the complaint; also issue presented by first paragraph of counterclaim; but reserved to itself the equitable question tendered by the second paragraph of counterclaim.    The jury returned the following verdict: "We the jury find for the defendant, on defendant's counterclaim, in the sum of $50."    Whereupon plaintiff moved for a *venire de novo,* on the ground that the jury had left undetermined the issue as to the right of possession of the automobile as tendered by the complaint.    Without deciding the issue tendered by the second paragraph of counterclaim, the court overruled the motion for *venire de novo,* and rendered judgment on the verdict that defendant "have and recover of plaintiff William H. Nichols Garage, Inc., on defendant's counterclaim, the sum of $50 and costs."

Action of the court in overruling motion for *venire de novo* is assigned as error, and is the only question presented by this appeal.

Appellee concedes that it was the duty of the jury to find on the issue tendered by appellant's complaint, but contends that the verdict for appellee on the 1, 2.    first paragraph of counterclaim is equivalent to a finding against appellant on its complaint, citing *Beers* v. *Flock* (1891), 2 Ind. App. 567, 28 N. E. 1011; *Chambers* v. *Butcher* (1882), 82 Ind. 508.    Our conclusion is not in accord with that view.

If, as found by the jury, appellee was entitled to recover $50 from appellant because of a breach of war-

ranty, it does not necessarily follow that appellant must fail in his action for possession. The right to possession of the automobile was a matter of express contract between the parties. The filing of the counterclaim by appellee was a recognition by him of the contract. By no rule of law would a claim based on a breach of an implied warranty arising in favor of appellee have the effect of abrogating the terms of the express agreement. Such a rule would be the equivalent of holding that by a breach of warranty, appellant forfeited its title to the chattel in question. A finding of the jury that appellant was entitled to immediate possession of the automobile would not have been inconsistent with the verdict on the counterclaim for damages.

The case of *Beers* v. *Flock, supra,* is readily distinguished. That action was for money due on account. The defendant filed an answer in denial; also a counterclaim for money alleged to be due him. The jury found for defendant on the counterclaim, and the court correctly held that the finding for defendant necessarily involved a finding against plaintiff upon the complaint, for there was but one real issue, namely, the standing of the accounts between the parties.

The case of *Chambers* v. *Butcher, supra,* is also distinguishable. The action was for possession of real estate, the plaintiff claiming title in himself. The defendants appeared and filed what they designated a cross-complaint in which they not only set up their claim to the land in controversy, but also the facts as to plaintiff's claim of title, and alleged that plaintiff had no title to the land unless he had it by virtue of the facts as averred in the cross-complaint. The trial court properly held that the verdict for defendants on the cross-complaint was a finding against plaintiff on his complaint.

Reversed.