## In re MIRSKY.

### No. 26807.

District Court, E. D. New York.

July 10, 1941.

Horace G. Marks, of New York City, for bankrupt.

Newman & Bisco, of New York City (Henry Landau, of New York City, of counsel), for Conlew, Inc.

ABRUZZO, District Judge.

On August 27, 1934, the bankrupt filed a voluntary petition in bankruptcy and was adjudicated as such on that day. In his schedules, he fully set forth the terms of a trust fund wherein he had a contingent interest of unknown value. This asset was called to the attention of the referee when the bankrupt filed his petition. The referee attempted to obtain a bid for this contingent interest. There was no manifestation of interest in this direction on the part of any purchaser or of the creditors; and the case was closed on January 15, 1935. No trustee was appointed.

In 1940, the beneficiary of the trust fund having died, the bankrupt became entitled to a part of the remainder. Had the creditors appointed a trustee, it appears clear that this expectancy would have passed to him. Clowe v. Seavey, 208 N.Y. 496, 102 N.E. 521, 47 L.R.A.,N.S., 284.

On October 17, 1940, an order was obtained in this Court, reopening the bank-rupt's estate on the ground that the interest in the trust fund constituted an unadministered asset.

The matter was referred to the referee and on January 7, 1941, he filed his decision in the matter. He covered the facts and the law thoroughly for the purpose of aiding the court in determining whether or not in its opinion the ex parte order obtained on October 17, 1940, should be vacated and the bankruptcy remain closed.

The bankrupt urges in support of his contention that the ex parte order should be vacated because the creditors abandoned their interest in the estate and it reverted to him. Under these circumstances, this bankruptcy should not have been reopened after six years have elapsed.

The creditor, on the contrary, contends that the closing of the estate and any inaction with respect to the expectancy did not constitute an abandonment of this asset.

It seems clear that this estate should never have been reopened. The creditors had full knowledge of this contingent interest in the trust fund and were completely inactive concerning it. The creditor allowed six years to elapse, or until the contingent interest became a liquid asset before moving in this Court.

In Kinder v. Scharff, 231 U.S. 517, 34 S.Ct. 164, 58 L.Ed. 343, it was held that after an estate is closed, and more than two years later a trustee concludes that he undervalued a claim of which he was cognizant and might have sued upon it, the judge had no power, by an ex parte order to remove the bar that was completed. Whether it be put on the construction of the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., or on the ground that the estate was fully administered quoad hoc, or of laches on the part of the trustee, it comes to the same thing.

In re Webb (Webb v. Raleigh Hardware Co., two cases), 4 Cir., 54 F.2d 1065, rules that where a trustee after a reasonable time, without fraud or misrepresentation by the bankrupt, releases or abandons bankrupt's incumbered property, the property and right of redemption remain in or revert to the bankrupt.

Although a trustee was not appointed in the bankrupt's estate, the creditors had a perfect right to elect one. This trustee would have taken title to this expectancy. The facts were fully and fairly disclosed

to the creditors but they saw fit not to take any interest in this contingent interest.

Under the decisions cited, supra, it seems clear that the expectancy reverted to the bankrupt; and that the ex parte order, reopening this estate for the purpose of administering this asset six years later, should not have been granted. The bar should not be removed.

The ex parte order, dated October 17, 1940, is therefore vacated. Settle order on notice.