**In re MIRSKY et al.**

No. 128.

Circuit Court of Appeals, Second Circuit.

Jan. 9, 1942.

Newman & Bisco, of New York City (Leonard G. Bisco and Henry Landau, both of New York City, of counsel), for appellant Conlew, Inc.

Horace G. Marks, of New York City (Robert H. Epstein, of New York City, of counsel), for appellee Leo P. Mirsky.

Before AUGUSTUS N. HAND, CLARK, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The facts are stated in the opinion of the district court reported at 39 F.Supp. 773.

This is not a situation where a debtor has changed his position to his detriment. Particularly where, as here, the assets of the estate seemed so small that appointment of a trustee to hold title to the contingent interest would have involved what justifiably appeared to be needless expense, mere nonaction by the creditors is not sufficient to constitute an abandonment. The doctrine of Stanolind Oil & Gas Co. v. Logan, 5 Cir., 92 F.2d 28 and Tuffy v. Nichols, 2 Cir., 120 F.2d 906 is applicable. A bankrupt who wants to avoid that doctrine should, while the proceedings are pending, seek a specific order of abandonment; if the bankruptcy court grants such an order, and not otherwise, the asset should be regarded as abandoned by the creditors.

The order of the district court is reversed.