BOOHER *v.* BOOHER

[No. 17,854. Filed May 25, 1949.]

*Beasley & Beasley*, of Linton; and *Paul Haywood*, of Bloomfield, for appellant.

*Curtis V. Kimmell* and *J. W. Kimmell*, both of Vincennes, for appellee.

CRUMPACKER, J.—In adjudication of proceedings brought by the appellee Lillian Booher, the Knox Cir-

cuit Court granted her a divorce from the appellant Wendell Booher, together with $1,000 alimony and $325 for the use and benefit of her attorneys. In entering its decree the court designated the appellant as "William Booher" in both its finding and judgment but after this appeal was lodged with us the misprision was corrected by *nunc pro tunc* order and such supplemental record was brought here by writ of certiorari. Previous to her union with the appellant the appellee had been married to one Kenneth E. Muller but that marriage also proved unsuccessful and terminated in a divorce granted by the Greene Circuit Court on September 26, 1946, in which it was "further considered, ordered and adjudged by the court that the plaintiff (the appellee herein) be and she is hereby restrained from remarrying for a period of two years." A little more than six months prior to the expiration of this limitation the appellee entered the marriage contract here involved. Alleging his ignorance of this situation and believing that the appellee's disregard of the inhibitory order of the Greene Circuit Court rendered his present marriage void, the appellant filed a cross-complaint designated as "Second Paragraph of Answer" in which he sought to have the same so declared. A divorce, however, was granted to the appellee on her complaint.

We are asked to reverse this judgment because (1) it runs against "William Booher," a stranger to the record; (2) the court made no final disposition of the issues presented by the second paragraph of answer; and (3) the decision is not sustained by sufficient evidence and is contrary to law.

The first of these propositions is eliminated by the *nunc pro tunc* proceedings to correct the record here-

tofore described and we assume that it was urged upon us because the transcript of the record, the assignment of errors and the appellant's brief in support thereof were filed in this. court before such corrective action was taken below.

In reference to the proposition that the court made no final disposition of the issues presented by the second paragraph of answer, the record discloses the following: "The court after taking cause under advisement now finds . . . against the defendant Wendell Booher on his second paragraph of answer." It is true that the court entered no specific judgment on this finding but it did enter a judgment of divorce for the appellee on her complaint. Such judgment necessarily recognizes the validity of the marriage contract in the beginning and precludes the contention that it was void. Thus it seems to us that all of the issues between the parties were adjudicated.

Were we to hold that the decision for the appellee on her complaint is not sustained by sufficient evidence and therefore contrary to law it would be necessary for us to weigh conflicting evidence and substitute our conclusions in reference thereto for those of the trial court. That, of course, we cannot do.

Judgment affirmed.

NOTE.—Reported in 86 N. E. 2d 95.