AETNA GLASS CORP. ET AL. *v.* MERCURY BUILDERS, INC. ET AL.

[No. 468A63. Filed September 16, 1969. No petitions for rehearing or transfer filed.]

*Dale Shoup, Shoup, Kiernan & McDonagh,* of Hammond, for appellants.

*Charles Levin,* of Hammond, for appellees.

COOPER, J.—This matter comes to us from the Lake Superior Court Room Two, wherein the Aetna Glass Corporation, (hereinafter called Aetna) brought an action against the

herein named Appellees and Fadell Electric Company (hereinafter called Fadell) as defendants, to foreclose a mechanic's lien against certain real estate owned by the Appellees Theodore Dattel and Pauline M. Dattel, his wife, and Samuel Dattel and Marlene C. Dattel, his wife, (hereinafter called defendants Dattel).

The Defendant Fadell thereafter filed a cross complaint against the same named defendants to foreclose its mechanic's lien against the same real estate owned by the defendants Dattel.

The plaintiff-appellant Aetna has dismissed its action against the United States of America. This action is still pending, however, against all of the remaining defendants-appellees except the defendants Dattel, for whom the trial court granted summary judgment. The appeal now before us is from the judgment of the trial court granting a motion for summary judgment filed by the defendants Dattel against the appellants herein, Aetna and Fadell.

The complaint filed by Aetna alleged that it had entered into a contract with the Defendant, Mercury Builders, Inc., to furnish certain materials to be used for improvements on real estate owned by the defendants Dattel. It prayed for judgment against the defendants Dattel for the balance due under its contract with Mercury Builders, and prayed that its mechanic's lien be foreclosed. Attached to the complaint was a copy of the contract between the Plaintiff and Mercury Builders, Inc., and a copy of its Notice of Intention to hold mechanics lien.

Thereafter the Defendant Fadell filed an answer in compliance with Rule 1-3 of the Rules of the Supreme Court of Indiana, and a cross complaint. The cross complaint alleged that Fadell had entered into a contract with Mercury Builders to perform electrical work and to furnish materials in a building being constructed by Mercury Builders on real estate owned by the defendants Dattel. The cross complaint prayed

for judgment against the Defendant Mercury Builders for the balance due on its contract and for foreclosure of its mechanics lien against the real estate owned by the defendants Dattel. Attached to the cross complaint is a copy of the contract between Fadell and Mercury Builders, and a copy of Fadell's Notice of Intention to hold mechanic's lien on the real estate owned by the Dattels.

The defendants Dattel filed an answer to the complaint of Aetna in compliance with Rule 1-3, and alleged as an affirmative defense that "the lien was not filed in accordance with law, that it is not verified as required by law; and that the Plaintiff does not have due and owing to it the amount claimed in said mechanics' lien."

The Defendants Dattel filed an answer to the cross complaint of Fadell in compliance with Rule 1-3, and further alleged as an affirmative defense, "that said lien is not filed in accordance with law; that it is not verified as required by statute; and that the lien is invalid and unenforceable, and that the plaintiff does not have due and owing to it the amount claimed in said mechanic's lien."

Both answers filed by the defendants Dattel state that the Defendants have paid certain amounts to the plaintiff and the cross-complaint, setting out the amounts allegedly paid, the dates the payments were made, and the remaining balances due. In answer to the cross complaint of Fadell, the answer then states:

"4. There is a balance due and owing plaintiff on its contract by Mercury Builders in the sum of Three Thousand three hundred seventy eight and 54/100 ($3,378.54) Dollars.

"WHEREFORE, defendant prays judgment."

In the answer to the complaint of Aetna, the answer then states:

"That there is a balance due and owing plaintiff the sum of Four Thousand One Hundred Ninety and no/100 ($4,190.00) Dollars.

"4. That defendants have heretofore offered to pay plaintiff the sum of Four thousand one hundred ninety and no/100 ($4,190.00) Dollars, and by this answer hereby offers to pay said sum of Four Thousand one hundred ninety and no/100 ($4,190.00) Dollars being the sum due and owing plaintiff.

"WHEREFORE, defendant prays judgment."

The Defendants Dattel then filed their motion for summary judgment which read as follows:

"Defendants Theodore Dattel and Pauline Dattel, his wife, and Samuel Dattel and Marlene C. Dattel, pursuant to Burns' Indiana Annotated Statutes, Section 2-2524, move the Court for summary judgment in their favor and against each of the Defendants and Cross-Complainants Fadell Electric Company, Inc. and Aetna Glass corporation on the counter-complaints of each of said Defendants and Cross-Complainants for the foreclosure of their respective mechanics' liens on the real estate therein described, on the ground that the pleadings and the exhibits attached to said counter complaints show that the Defendants Theodore Dattel and Pauline Dattel, his wife and Samuel Dattel and Marlene C. Dattel are entitled to judgment on that issue as a matter of law in that each of said notices of lien is not verified as required by law and is therefore invalid and unenforceable."

Thereafter the Court entered the following Judgment:

"The Court having deliberated on defendants' Theodore Dattel, et ux and Samuel Dattel, et ux, Motion for Summary Judgment, now makes the following ruling: Motion for Summary Judgment is hereby granted."

Subsequently the plaintiff Aetna and the cross complainant Fadell moved the Court to modify the judgment as follows:

"Comes now the plaintiff, Aetna Glass Corporation and cross-complainant, Fadell Electric Company, Inc., and move the Court to Modify the Judgment of November 29, 1967, granting the Motion for Summary Judgment in accordance with Rule 1-8 of the Indiana Supreme Court and that a new Judgment be entered which takes into consideration all matter of record including the admissions of the defendants which are that defendants are indebted to plaintiff

and cross-complainant in the respective sums of $4,190 and the sum of $3,378.54."

and they also filed their motion for a new trial as follows:

"The Plaintiff, Aetna Glass Corporation, and the Cross-Complainant, Fadell Electric Company, Inc., in the above entitled cause, moves the Court for a new trial herein on the following grounds:

'1.  That the Court erred in granting the motion for summary judgment filed by the Defendants, Theodore Dattel and Pauline M. Dattel, his wife, and Samuel Dattel and Marlene C. Dattel.

'2.  That the judgment is not sustained by sufficient evidence, or is contrary to law.

'3.  That the judgment granted by way of summary judgment was not a final judgment to include sums admittedly owing in the pleadings, which is error at law.' "

Thereafter the motion to modify the judgment and the motion for a new trial were overruled and this appeal followed. The assignment of error is as follows:

"The Appellants aver that there is manifest error in the judgment and proceedings in this cause, which is prejudicial to the appellants, in this:

"1.  That the Court erred in overruling Appellant's motion to modify the Summary Judgment to conform with the admissions made in the pleadings, which is error at law.

"2.  The Court erred in overruling appellant's motion for a new trial."

We note that the judgment herein was entered on November 29, 1967, prior to the time the Supreme Court of Indiana on April 22, 1968, amended its Rule 2-6 by adding thereto the provision that from and after April 22, 1968, a motion for new trial shall not be appropriate for raising error claimed by reason of the entering of a summary judgment.

In order to determine whether the defendants Dattel were entitled to summary judgment on the issue of the foreclosure of the liens, we must decide if the Notices of Intention to hold mechanics liens filed by Aetna and Fadell were in the

proper form as required by statute so as to entitle Aetna and Fadell to the statutory relief of foreclosure of their liens. A second matter, raised by the defendants' answers, the motion to modify the judgment and the motion for new trial, is whether Aetna and Fadell were entitled to personal judgments against the defendants Dattel.

Burns' Indiana Statutes, Sec. 43-703, which is the section of the statute containing the provisions for obtaining a mechanics lien, at the time when the Notices of Intention to hold mechanics liens herein were filed, read in part as follows:

"Any person who wishes to acquire a lien upon any property, whether his claim be due or not, shall file in the recorder's office of the county, at any time within sixty (60) days after performing such labor or furnishing such material, or machinery, described in section 1 (§ 43-701) of this act, *verified notice* in duplicate of his intention to hold a lien upon such property for the amount of his claim, specifically setting forth the amount claimed, the name and address of the claimant and the name of the owner, and shall give legal description, street and number, if any, of such lot or land on which the house, mill, manufactory or other buildings, bridge, reservoir, system of waterworks or other structure may stand or be connected with or to which it may be removed . . ." (our emphasis)

The Notice of Intention to Hold Mechanics Lien filed by Aetna contains the following after the signature of the person executing the Notice:

"Before me, a Notary Public in and for said County and State, personally appeared Phil Kagar, who acknowledged the execution of the foregoing Notice of Intention to Hold Mechanics' Lien as an individual or as the duly authorized representative of the lien claimant.

"Witness my hand and notarial seal this 20th day of October, 1966."

The signature, seal and expiration date of the Notary followed.

The Notice of Intention to Hold Mechanics Lien filed by Fadell contains the following after the signature of the person executing the notice:

"Before me, a Notary Public in and for said County and State, personally appeared George J. Fadell and being duly sworn upon oath as to the truth of the above statements, acknowledged the execution of the foregoing Notice of Intention to Hold Mechanics Lien as an individual or as the duly authorized representative of the lien claimant.

"Witness my hand and Notarial Seal this 25th day of May, 1966."

The signature, seal and expiration date of the notary followed.

It is our opinion that neither of these is a "verified notice" as is required by the statute. The statutes providing for the creation of mechanics liens are in derogation of the common law, and therefore must be strictly construed. Anyone seeking the benefits of the statute must bring himself within the provisions of the act. *Demma et al.* v. *Forbes Lumber Company* (1961), 133 Ind. App. 204, 181 N. E. 2d 253; *Grimm et al.* v. *Rhoades et al.* (1958), 129 Ind. App. 1, 149 N. E. 2d 847.

In the case of *Grimm et al.* v. *Rhoades et al., supra,* at p. 7, this Court stated:

However, the mechanic's lien law of this state creates new rights of purely statutory origin. The statutes providing for the lien and its enforcement are in derogation of the common law and must be strictly construed and anyone who seeks their benefit must bring himself within their provisions. *Puritan Engineering Corp.* v. *Robinson, Tr.* 1934), 207 Ind. 58, 191 N. E. 141; *Watson* v. *Strohl* (1943), 220 Ind. 672, 46 N. E. 2d 604; *Shipman Exr.* v. *Shipman, Gdn.* (1934), 99 Ind. App. 445, 192 N. E. 849."

Burns' Indiana Statutes, Sec. 2-4701, defining the word "verified" in connection with pleadings states:

"The word 'verified' when applied to pleadings, means supported by oath or affirmation in writing."

While a Notice of Intention to Hold Mechanics Lien is not a pleading, nonetheless we think this definition is ▓ properly applied to the verified notice required by Burns' section 43-703.

Burns' Indiana Statutes, Sec. 2-1074 reads as follows:

"(a) Wherever in connection with any civil or special statutory proceeding it is required that any pleading, motion, petition, supporting affidavit, or other document of any kind, be verified, or that an oath be taken, it shall be sufficient if the subscriber simply affirms the truth of the matter to be verified by an affirmation or representation in substantially the following language: 'I (we) affirm, under the penalties for perjury, that the foregoing representation(s) is (are) true.' "

In the case of *Bader* v. *State* (1911), 176 Ind. 268, 274, 94 N. E. 1009, the Indiana Supreme Court discussed at length the definition of verification as follows:

"A verification is defined . . . as 'the certificate that the writing is true.' 2 Bouvier's Law Dict. (15th Ed.) 781.

"Black's Law Dict. (2nd ed.) 205 says: . . . Verification is defined as a 'confirmation of the correctness, truth, or authenticity of a pleading, account or other paper, by an affidavit, oath, or deposition,' Black's Law Dict. (2d ed.) 1203.

"In 8 Words and Phrases, 7296 it is said: 'The term "verified," as applied to pleadings and statements of claims filed with municipal officers, has a settled meaning, and refers to an affidavit attached to such a statement of claim, as to the truth of the matters therein set forth.'

"In the case of *Patterson* v. *City of Brooklyn* (1896), 6 App. Div. 127, 128, 40 N.Y. Supp. 581, the action related to a claim filed with the controller of the city of Brooklyn, which claim, under the law, was required to be verified. The court said: 'The term "verified" as applied to pleadings and statements of this character, has a settled meaning in our statutory law, and it refers to an affidavit attached to the statement as to the truth of the matters therein set forth.'

"In the case of *State* v. *Trook* (1909), 172 Ind. 558, 560, the word 'verify' is defined as follows: 'The primary definition of the verb "verify," when used in matter of law, as given in the Standard Dictionary is: "To affirm under oath;

confirm by formal oath; as, to verify pleadings in an action; to verify accounts, etc." ' "

Under all of the above and foregoing authority, we are of the opinion that neither Aetna Glass Corporation nor Fadell Electric Company filed a verified notice of intention to hold mechanics lien as required by Burns' Indiana Statutes, Sec. 43-703, in order to acquire a mechanics lien. Since both Aetna and Fadell thus failed to bring themselves within the requirements of the statute, the trial court properly granted the motion for summary judgment in favor of the Defendants Dattel on Aetna's complaint and Faddell's cross complaint to foreclose their mechanics liens.

Turning now to the question of whether Aetna and Fadell were entitled to personal judgments in this cause of action against the Defendants Dattel for the amount owing on their respective contracts with Mercury Builders, we note that Burns' Indiana Statutes, Sec. 43-709 provides as follows:

"Personal liability of owner.—Any subcontractor, journeyman or laborer employed in erecting, altering, repairing or removing any house, mill, manufactory or other building, or bridge, reservoir, system of waterworks, or other structure, or in furnishing any material or machinery therefor, *may give to the owner thereof,* or if said owner is absent, to his agent, *notice in writing particularly setting forth the amount of his claim and services rendered,* for which his employer is indebted to him, and that he holds the owner responsible for the same; and the owner shall be liable for such claim, but not to exceed the amount which may be due, and may thereafter become due, from him to the employer, which may be recovered in an action whenever an amount equal to such claim, over other claims having priority, shall be due from such owner to the employer. And any such subcontractor, journeyman or laborer, *by giving notice as above provided,* setting forth the amount of labor he has engaged to perform, or of materials or machinery he has engaged to furnish, in erecting, altering, repairing or removing of any of the buildings or other structure[s] above described, shall have the same rights and remedies against such owner for the amount of such labor performed, or materials or machinery furnished, *after said notice is given,*

as are above secured and provided, [for those] who serve notice after the labor is performed or the materials or machinery furnished. And whenever an action is brought against an owner, in pursuance of the provisions of this section, all subcontractors, journeymen and laborers who have performed labor or furnished materials or machinery, and given notice as herein required, may become parties to such action; and if, upon final judgment against such owner, the amount recovered and collected shall not be sufficient to pay said claimants in full, the same shall be divided among them pro rata." (our emphasis)

Our Supreme Court in the case of *Nash Engineering Co.* v. *Marcy Realty Corporation, Inc., et al.* (1943), 222 Ind. 396, 407, 54 N. E. 2d 263, in an opinion construing this section of the statute stated:

"We quote from *Crawford et al.* v. *Crockett, et al., supra,* as follows: 'Section 649 provides for a personal liability in favor of sub-contractors, material men, . . . against the owner of the building for the amount of their claims against their employer, but not to exceed the amount that is due, or may become due, from the owner to the employer; *but they must, in order to hold the owner personally liable, give him notice in writing, particularly setting forth the amount of their claims, and that they hold him responsible therefor.*" (our emphasis)

The record now before us does not show that either Aetna or Fadel gave such notices to the defendants Dattel as required by the statute. The transcript of the record imports absolute verity and in our consideration of the case we are bound by what the record shows. Witrout, Indiana Practice, Vol. 3, Sec. 2292 at page 134; sec. 2339 at p. 166; sec. 2603 at p. 322, and cases cited therein.

Since the record in this case does not contain any written notices to the defendants Dattel as required by the statute, we must hold that the appellants did not bring themselves within the requirements of the statutes by giving such required notices, and therefore, in this action to foreclose their respective mechanics liens, the appellants are

not entitled to hold the defendants Dattel personally liable for their respective claims.

The plaintiff Aetna initiated this cause of action by filing a complaint to foreclose its mechanics lien, and the cross complainant Fadell filed its cross complaint to foreclose its mechanics lien. They each chose this remedy rather than any other which might have been available to them. Having chosen the remedy of foreclosure of the mechanics liens, they are bound by the law applicable to such actions as hereinabove set out. Because each of the appellants failed to comply with the provisions of the statute under which they seek relief, neither is entitled to recover under that statute.

The judgment of the trial court sustaining the motion for summary judgment is affirmed. Costs taxed against Appellants.

Lowdermilk, P.J., Carson and Sullivan, JJ., concur.

NOTE.—Reported in 250 N. E. 2d 598.