CITY OF NEW ALBANY *v.* MARY SCHMIDT, ADMX. ESTATE OF HERBERT SCHMIDT.

[No. 568A90. Filed September 16, 1969. Rehearing denied October 14, 1969. Transfer denied December 16, 1969. Petition to reconsider transfer denied February 6, 1970.]

*Robert A. Kelso,* New Albany, for appellant.

*Herbert F. Naville,* New Albany, for appellee.

CARSON, J.—This case comes to us on appeal from the Floyd Circuit Court. This case was set for argument on the 10th day of June, 1969. When argument was to commence, it appeared that the appellant's attorney had not arrived at the courtroom. A call was placed to his office following which the court assumed the bench and announced to the appellee that the appellant could not be present for argument and appellee's counsel said that he would waive argument. The court feels at this point, that counsel for the appellant and the appellee should be complimented on the fairness of their briefs and the presentation of the record. All questions which could have been presented in the case are contained in the briefs and therefore we can give full and complete consideration to this appeal and neither side is harmed by the failure to argue the case.

By agreement of the parties, this action was submitted to the jury for trial on the sole question of the amount of damages alleged to have been sustained by Herman Schmidt as a result of his false arrest by the City of New Albany.

The jury found for the plaintiff and judgment was entered by the court which judgment reads as follows:

### "JUDGMENT"

"Come now the parties by counsel, and a jury being called, come also twelve good and lawful men, to-wit: Cecil Jackson, Paul Gehm, Frank Didelot, Mary Best, Arthur Bierman, Harry H. Brevig, Jesse McWilliams, Clarence Zollman, Leo Strange, Clarence Mayfield, Mary Heuser, John L. DeMarsh, who, being duly empannelled and sworn according to law well and truly to try the sole question of the damages sustained by the plaintiff, as agreed by the parties, and having heard the evidence and argument by the counsel and the charge of the Court, and having retired for deliberation in charge of a sworn bailiff of this Court, and thereafter on the same day duly returned into open court their verdict duly signed, to-wit:

"STATE OF INDIANA ⎱
                   ⎰ SS:
COUNTY OF FLOYD ⎰

"IN THE FLOYD CIRCUIT COURT
JANUARY TERM . . . . . . . . 1967

"MARY SCHMIDT, Administratrix of
the Estate of Herbert Schmidt, also
known as Herbert Schmitt, deceased
                vs.                     No. 35,410
The City of New Albany

"We, the jury, find for the plaintiff and set his damages in
the sum of $8,962 Dollars.

                              Cecil Jackson, Jr.
                              Foreman

"IT IS THEREFORE CONSIDERED AND ADJUDGED
by the Court that the plaintiff have and recover of said
defendant the said sum of Eight Thousand Nine Hundred
and Sixty-two Dollars ($8,962.00), together with costs and
charges, paid, laid out and expended."

                    "PAUL J. TAGART, JUDGE
                     FLOYD CIRCUIT COURT

DATED: June 6, 1967"

The motion for a new trial filed by the defendant-appellant
contained one specification: (1) the damages assessed are
excessive. The court overruled the motion for a new trial and
timely appeal was taken to this court. The sole assignment of
error was that the court erred in overruling the appellant's
motion for a new trial.

It appears from the record that all of the evidence in the
case, both of the plaintiff and the defendant, was introduced
without objection; that the instructions submitted to the jury
by both sides were given without objection by either party.

The only question before us, based upon the record in this
case, is whether or not the appellant has demonstrated by such
record, that the jury took into consideration some improper
motive on the part of the appellee which influenced them at
arriving at the amount of damages assessed.

The general rule is contained in a case cited by the appel-
lant in its brief and is contained in the case of: *Chicago, etc.,*

*R. Co.* v. *Stierwalt* (1926), 87 Ind. App. 478, 153 N. E. 807, wherein the court said:

> "Appellant insists that the damages assessed by the jury are excessive. In order to sustain this contention, we would be required to hold that the amount fixed by the jury is so large that it cannot be explained on any reasonable hypothesis other than from prejudice, passion, partiality, corruption, or that some improper element was taken into account. Damages are not to be deemed excessive unless it so appears at first blush, or it is apparent that some improper element was taken into account by the jury in determining the amount." (Citations omitted)

An excellent case also setting out the rule is contained in *St. Louis, etc., R. Co.* v. *Craft* (1914), 237 U. S. 648, 35 Sup. Ct. 704, 59 L. Ed. 1160, where the Supreme Court said:

> "The award does seem large, but the power, and with it the duty and responsibility, of dealing with this matter rested upon the courts below. It involves only a question of fact and is not open to reconsideration here."

There are numerous cases cited by both the appellant and the appellee where an assignment of this kind has resulted in a reversal in some cases, and in affirmance in other cases.

In order to determine whether or not a reversal is required, it is necessary for the appellant to demonstrate, from the record, that the jury could not have arrived at the result which they did except from prejudice, passion, partiality, corruption or some improper element. We do not feel in this case that the appellant has sustained that burden.

The case was fully and fairly tried; there was some conflict in the evidence which the jury was required to reconcile; the major portion of the evidence was the testimony of witnesses requiring the jury to determine their credibility; the jury was fully instructed and neither side objected to the instructions. We therefore hold that the verdict of the jury and judgment of the court should be affirmed.

Judgment affirmed. Costs v. appellant.

Lowdermilk, P.J., Cooper and Sullivan, JJ., concur.

NOTE.—Reported in 250 N. E. 2d 609.