KENNETH WOLFF, GENEVA WOLFF AND SAMUEL BLINN v. MELVIN SLUSHER.

[No. 2-1073A214. Filed August 6, 1974.]

*Robert Graves, Glickfield and Graves,* of Marion, *Jules S. Walker,* of Marion, for appellants.

*John B. Milford, Ray and Milford,* of Marion, for appellee.

SULLIVAN, P.J.—This is an appeal from a judgment totalling $3,000.00 awarded appellee Slusher as plaintiff in a replevin action. The issues involve alleged defects in the form of the verdict, excessive damages, an allegedly erroneous instruction, and prejudicial misconduct by counsel during closing argument.

Appellants Kenneth and Geneva Wolff are entireties owners of a certain farm in Grant County. Under a lease agreement, Samuel Blinn farmed certain fields of the farm, but the farm residence was occupied by the Wolffs.

Slusher owned a portable sawmill operation and was hired by Wolff to clear timber on a portion of the farm.

The oral contract entered into between Wolff and Slusher provided that Slusher would pay Wolff $800.00 for the timber and would remove the debris remaining after the operation. Slusher denied that he was told that any of the farm had been leased to another party. A few of the trees were located in a field of growing corn, and Wolff gave permission for Slusher to make an access path through the corn in order to remove the logs. Slusher was not to cut any of the walnut trees on the property.

The timber cutting operation began on August 30, 1968. Slusher's equipment consisted primarily of a portable sawmill, a power unit, a tractor and a forklift. The cutting proceeded until October 19, 1968. On that day Slusher arrived to find that the gate to the plot in which he was working had been locked. It was later revealed that Blinn, the lessee, had locked the gate because of alleged damage to a fence and to the growing corn crop. Slusher removed the gate and proceeded to the field. Blinn and Wolff, meanwhile, procured the services of a Deputy Sheriff who ordered Slusher off the premises.

Slusher filed his complaint on October 28, 1968, as an action in replevin against Kenneth Wolff and Samuel Blinn to regain possession of his sequestered equipment and for damages for wrongful detention. He filed a $20,000.00 bond and was allowed to remove the equipment from the field on or about October 31, 1968.

Subsequently, Wolff filed a counter-claim, denominated a "cross-complaint" for damages, claiming that Slusher cut trees other than those authorized, and also that Slusher had failed to clean up the property after removing the timber. Blinn filed a counter-claim for destruction of crops, fences and failure to clean up the premises.

More than a year later, on January 20, 1970, Blinn and Wolff filed their answers to Slusher's complaint. Pre-trial

conference was held on September 3, 1970 and the case was set for trial. Various delays occurred until April 24, 1972, when Geneva Wolff filed a motion to be joined as a "cross-complainant". This motion was granted and Geneva joined with Wolff in filing as Amended Counter-Claim. A second pre-trial conference was held March 23, 1973. Trial began April 17, 1973.[1]

After submission of evidence, the following verdict forms were presented to the jury by instruction of the court:

"The Court is submitting to you five forms of verdict you may return in this case. The verdicts read as follows:

1. We the jury, find in favor of the plaintiff and against all the defendants and assess the plaintiff's damages in the sum of $————.

2. We the jury, find in favor of the plaintiff and against the defendant, Kenneth Wolff, and assess the plaintiff's damages in the sum of $————.

3. We the jury, find in favor of the plaintiff and against the defendant, Samuel Blinn, and assess the plaintiff's damages in the sum of $————.

4. We the jury, find in favor of the counter claimants, Kenneth Wolff and Geneva Wolff and against the plaintiff on defendants', Kenneth Wolff and Geneva Wolff's counter claim and assess the defendants Kenneth Wolff and Geneva Wolff's damages on their counter claim in the sum of $————.

5. We the jury, find in favor of the counter claimant, Samuel Blinn, and against the plaintiff on defendant, Samuel Blinn's counter claim and assess the counter claimant, Samuel Blinn's damages on his counter claim in the sum of $————.

Return the verdict with you into Open Court."

The jury returned *two* verdicts in favor of Slusher, as follows:

"We, the jury, find in favor of the plaintiff and against the defendant, Kenneth Wolf, and assess the plaintiff's damages in the sum of $2000.00.

We, the jury, find in favor of the plaintiff and against all

---

1. None of the parties take affront at the delay in litigating their respective claims.

the defendants and assess the plaintiff's damages in the sum of $1,000.00."[2]

Judgment was entered on these "verdicts".[3]

## ISSUES

Of the issues raised by the appellants, the following are pertinent to our determination.

1. Were the jury verdicts defective in failing to make a finding on the counter-claims, and further failing to make any finding at all as to the "cross-complainant", i.e., counter-claimant, Geneva Wolff?
2. Was the returning of two verdicts in favor of Slusher an attempt to apportion damages between joint tort-feasors or otherwise contradictory or ambiguous?
3. Were the verdicts excessive?

A threshold question facing us is whether, due to failure to resolve all of the issues presented for trial, the judgment entered was a "final judgment" from which an appeal may be taken.

Trial Rule 54(B) of the Indiana Rules of Civil Procedure provides as follows:

"(B) Judgment upon multiple claims or involving multiple parties. When more than one [1] claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as

2. The jury's confusion may have arisen not only from the verdict forms supplied but also from the positions of the parties and the manner in which they were referred to in the record. Geneva, for example, is variously titled a cross-complainant, counter-claimant and defendant.

3. The "Judgment" entered herein does little to aid our deliberations— we quote it in its entirety: "Comes now the plaintiff by counsel and moves the court for judgment on the verdict of the jury. Motion sustained and judgment on the verdict hereby granted."

to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. A judgment as to one or more but fewer than all of the claims or parties is final when the court in writing expressly determines that there is no just reason for delay, and in writing expressly directs entry of judgment, and an appeal may be taken upon this or other issues resolved by the judgment; but in other cases a judgment, decision or order as to less than all the claims and parties is not final."

The claims herein were independent. The jury could have found for Slusher on his replevin action and also for Wolff and Blinn on their counterclaims. *William H. Nichols Garage, Inc.* v. *Miller* (1926), 85 Ind. App. 203, 153 N.E. 480.

However, even were we to assume that no final judgment had been entered in the sense that the counter-claims were not adjudicated, this court is not prohibited from reviewing those issues which *were* decided by the trial court. Appellate Rule 4(E) states:

"No appeal will be dismissed as of right because the case was not finally disposed of in the court below as to all issues and parties, but upon suggestion or discovery of such a situation the appellate tribunal may, in its discretion, suspend consideration until disposition is made of such issues, or it may pass upon such adjudicated issues as are severable without prejudice to parties who may be aggrieved by subsequent proceedings in the court below."

The function of TR. 54(B) is to avoid piecemeal litigation of the various issues involved in a given case. AP. 4(E) recognizes that there are certain instances in which piecemeal litigation, with the delays and inconveniences attendant thereto, may actually be avoided by the appellate court deciding but one of the issues presented to the trial court. The instant case presents just such a situation.

As will be seen, the judgment entered in favor of Slusher on his replevin count was erroneous. In this circumstance, it would serve only to prolong the litigation if we were to abstain from ruling upon the replevin issue, and after judg-

ment on the counter-claims announce a reversal of the case and remand it for a new trial. We therefore exercise the discretion afforded by AP. 4(E) and consider the issue which has been adjudicated.

During oral argument of this appeal, it was questioned whether even the replevin portion of the judgment was final and appealable in that it failed to determine plaintiff's right to possession.

Where a judgment disposes of issues by necessary implication, it will be deemed sufficient. *Booher* v. *Booher* (1949), 119 Ind. App. 294, 86 N.E.2d 95. Slusher was awarded damages for wrongful detention of his property. Such an award carries with it a necessary inference that the jury made the prerequisite finding that he was entitled to possession of the property. *See Smith* v. *Harris* (1881), 76 Ind. 104. The replevin issue is therefore properly before this court on appeal.

## DAMAGES IN THE AMOUNT OF $3,000.00 WERE EXCESSIVE AND UNSUPPORTED BY THE EVIDENCE

A plaintiff in a replevin action is entitled to damages for the wrongful detention of his property. IC 1971, 43-1-27-1, (Burns Code Ed.). It is fundamental that damages awarded must be within the scope of the evidence presented to the jury. *Allison* v. *Boles* (1967), 141 Ind. App. 592, 230 N.E.2d 784; *First Bank & Trust Co. of South Bend* v. *Tellson* (1954), 124 Ind. App. 478, 118 N.E.2d 496.

In relation to damages accrued, Slusher testified at trial as follows:

"Q. Do you pay your employees.
A. Yes.
Q. How much do you average per day with the sawmill.
A. Gross?
Q. Yes, uh-huh.
A. Around $300.00.

Q. And you would net out of $300.00, then what, after paying your employees.

A. Oh, after expenses probably $50.00, or $75.00, a day.

Q. That would be your profit?

A. Yes, my profit.

Q. Did you get your equipment back after October 19th, Mr. Slusher?

A. Yes.

Q. When did you get the return of your equipment.

A. I don't remember the exact date, it was probably 10 or 12 days.

Q. I think it has been stipulated that it was the 29th, a period of 10 days then.

A. It was somewhere in that neighborhood."

Thereafter, Slusher testified that his loss was between $1200.00 and $1500.00.

Slusher attempts to justify the jury's verdict on the grounds that the $300.00 figure was received into evidence, and thus supports a finding of $3000.00 for 10 day's detention. It is not enough however that the verdict be within some figure presented during the course of the trial. Slusher also testified that the equipment was worth about $20,000. Surely he would not maintain that a judgment in that amount could be sustained as within the scope of the evidence before the jury.

Upon appeal, damages will be considered excessive only where it is apparent that the amount assessed indicates that the jury was motivated by prejudice, passion, partiality or corruption, or that some improper element was considered. *Wynder* v. *Lonergan* (1972), 153 Ind. App. 92, 286 N.E.2d 413; *City of New Albany* v. *Schmidt* (1969), 145 Ind. App. 296, 250 N.E.2d 609.

While rental value is the normal method of measuring value of loss of use of property, *Oceana Oil Producers* v. *Portland Silo Co.* (1951), 229 Ind. 656, 100 N.E.2d 895, lost profits may be used as a measure where such profits are ascertainable with a reasonable degree of cer-

tainty. *Maddox* v. *Yocum* (1944), 114 Ind. App. 390, 52 N.E. 2d 636. *Compare Weddle* v. *IRC & D Warehouse Corp.* (1949), 119 Ind. App. 345, 85 N.E.2d 501.

However, as stated in *Jerry Alderman Ford Sales, Inc.* v. *Bailey* (1972), 154 Ind. App. 632, 291 N.E.2d 92, 105 (Transfer denied) :

> "Even a proper award of lost profit in instances in which property has been damaged or destroyed should be confined to a loss of net profit. Gross income is an improper measure. Plaintiff should not receive a windfall in the form of that portion of lost gross income representing expenses of operation saved by defendant's breach."

There was no evidence herein which would serve to establish that Slusher was required to pay his employees during the 10 day detention of the property in question. Indeed, the testimony was that the employees were paid on a piecework basis, and further that Slusher laid them off during the hiatus.

Under these circumstances, the only conclusion which this court may reach is that the Jury improperly considered Slusher's gross profits in fixing his damages; the judgment must therefore be reversed and a new trial ordered. In so doing, however, we feel obliged to allude to the verdict forms submitted to the jury and to the "verdicts" which were returned, in order that upon retrial the jury might be properly advised and aware of their duty with respect to the multiple claims and parties.

It is essentially the responsibility of the trial court to see that the jury is properly instructed [Trial Rule 51; *Board of Com'nrs. of County of Vanderburgh* v. *Flowers* (1964), 136 Ind. App. 597, 201 N.E.2d 571 (Tr. denied)] and that the verdict returned is not defective. *Federal Union Surety Co.* v. *Schlosser* (1917), 66 Ind. App. 199, 114 N.E. 875 (reh. den. 116 N.E. 759).

The appellants neither objected to the proposed verdict forms nor objected to the verdicts returned prior to the discharge of the jury. Although such failure may constitute

waiver of the error alleged, the fundamental responsibility to instruct the jury cannot be ignored. It is essential that the jury understand the issues before them in order that they may return a proper verdict. The forms and accompanying instructions herein no doubt contributed to an improper and confusing verdict. While it may be clear to us that the first three forms were intended to be alternative, as were the last two, it was quite obviously not apparent to the jury.

It is our opinion that inasmuch as counsel and the trial court can now recognize the confusion arising from the suggested verdict forms tendered and the verdicts returned thereunder, the problem is unlikely to recur upon retrial of the issues. On the assumption that the jury will be more fully informed as to their duty to resolve all of the issues as to all of the parties, we decline consideration of those issues on appeal. Likewise we consider it unnecessary to comment upon the allegedly erroneous instruction or upon an alleged prejudicial statement by counsel during closing argument.

The judgment of the trial court is hereby reversed and the cause remanded for a new trial.

Buchanan and White, JJ., concur.

NOTE.—Reported at 314 N.E.2d 758.