**ZEIGLER BUILDING MATERIALS, INC., Appellant-Intervenor,**

v.

**Jerry PARKISON and Christy Parkison, Appellees-Plaintiffs,**

v.

**DICK SHAFER CUSTOM BUILDING and Dick Shafer, Appellee-Defendant.**

No. 1-879A225.

Court of Appeals of Indiana,
First District.

Jan. 15, 1980.

Larry L. Eaton, Johnson & Eaton, Versailles, for appellant-intervenor.

Frank I. Hamilton, Jr., Hamilton & Hamilton, Greensburg, for Jerry Parkison and Christy Parkison.

William O. Smith, Greensburg, for Dick Shafer Custom Bldg. and Dick Shafer.

NEAL, Judge.

This is an appeal from the Decatur Circuit Court from an adverse ruling on a motion to dismiss and two motions for summary judgment against appellant Zeigler Building Materials, Inc. (Intervenor) and in favor of appellees Jerry Parkison and Christy Parkison (Plaintiffs) and appellee Dick Shafer Custom Building and Dick Shafer (Defendant).

We affirm.

The facts necessary for this opinion are as follows:

Plaintiffs contracted with Defendant to furnish labor and material in building a home for Plaintiffs. Plaintiffs brought an action against Defendant for breach of contract, to which Defendant filed a counterclaim for services and materials furnished under the contract. Intervenor, after being permitted to intervene in that suit, filed a cross-complaint against Defendant. Intervenor claimed in Count I of that cross-complaint that it had sold materials to Defendant which were used in the construction of the home, and prayed for judgment for their value. In Count II Intervenor prayed that in the event that Defendant prevailed in his counterclaim against Plaintiffs, the proceeds of the judgment be ordered paid to Intervenor to satisfy the judgment for the materials it had furnished. Intervenor further filed a counterclaim against Plaintiffs to foreclose a mechanic's lien, which is still pending in the trial court, and is not an issue in this appeal.

Prior to the trial Defendant filed bankruptcy. He listed as debts the claims of Plaintiffs and Intervenor which are the subject matter of this appeal. No trustee was appointed, and defendant was eventually granted a discharge in bankruptcy.

Thereafter, Plaintiffs filed their motion to dismiss Defendant's counterclaim against Plaintiffs, and to dismiss Intervenor's claims in Count I and Count II of its cross-complaint against Defendant, which motion was based upon Defendant's discharge in bankruptcy. Defendant filed a motion for summary judgment against Plaintiffs, and a motion for summary judgment against Intervenor, which motions were also based upon Defendant's discharge in bankruptcy. The trial court entered its order: (1) dismissing Defendant's counterclaim against Plaintiffs, (2) dismissing Count I and Count II of Intervenor's cross-complaint against Defendant, (3) dismissing all claims of Plaintiffs against Defendant, and (4) dismissing all claims of. Intervenor against Plaintiffs and all claims of Plaintiffs against Intervenor in Counts I and II. It is not clear whether the trial court and the parties treated the motion to dismiss as a motion for summary judgment. It appears from the scope of the ruling that the trial court did, and ruled upon the motion to dismiss as well as Defendant's motions for summary judgment. The parties do not question this procedural aspect in their briefs, and it will be ignored here. We will render our opinion upon the merits as set forth in the briefs of the parties.

Intervenor sets forth in its summary of arguments three issues, the substance of which is as follows:

I. That in dismissing Defendant's counterclaim against Plaintiffs, it was prevented from pursuing its claim on a personal liability basis under Ind.Code 32–8–3–9.

II. That the dismissal denied Intervenor the right to proceed against Plaintiffs on a third-party beneficiary theory.

III. That the court erred in finding that the discharge of Defendant in bankruptcy equitably prevented Intervenor's recovery against Plaintiffs.

### I. Claim on a Personal Liability Basis

Intervenor claims that it should be permitted to pursue a claim against Plaintiffs on a personal liability basis under Ind.Code 32–8–3–9. That statute essentially provides that a materialman of a contractor may give notice to the owner in writing setting forth the amount of his claim for which the

contractor is indebted to him, and the owner shall be liable to him for the claim, but not to exceed the amount due the contractor, which may be recovered in an action whenever an amount equal to such claim, over and above other claims having priority, shall be due from such owner to the contractor.

At the onset we note that Intervenor in Count I and Count II of its pleading in the trial court made no mention of any claim against Plaintiffs. Its cross-petition was against Defendant for materials sold Defendant and requested the court to order any judgment awarded Defendant on his counterclaim against Plaintiffs paid to Intervenor to satisfy its judgment against Defendant. The only pleading asking relief against Plaintiffs was the mechanic's lien foreclosure which remains in trial court for disposition and is not an issue in this appeal. Intervenor asked for no relief against Plaintiffs. While it presented its personal liability argument in its brief in opposition to the motion to dismiss, Intervenor made no attempt to amend its pleading to set forth the theories advanced on appeal, or to assert any claim for relief against Plaintiffs. A party may not raise an issue in his motion to correct errors, or on appeal, that was not raised in trial court. *Hormuth Drywall, etc. v. Erectioneers, Inc.*, (1978) Ind.App., 381 N.E.2d 490. Nevertheless, we shall proceed to decide this case on the merits as argued in the briefs.

The purpose of Ind.Code 32–8–3–9 is to permit a person furnishing services, labor, or materials to a contractor to acquire a lien upon the accounts receivable of the contractor due from the owner. This requires notice in writing, and no notice in writing was given by Intervenor to Plaintiffs. Intervenor argues that the filing of the petition to intervene was sufficient notice, but cites no authorities to support that proposition. In *Aetna Glass Corp. v. Mercury Builders, Inc.*, (1969) 145 Ind.App. 286, 250 N.E.2d 598, this court held that failure to give notice under this section was fatal to the plaintiff's claim. There, as in the case at bar, a suit was filed. We hold that Intervenor cannot, because of its failure to give the statutory notice, proceed under this section against Plaintiffs.

## II. *Third-Party Beneficiary Theory*

Intervenor contends that even in the absence of the statutory personal liability theory, it should be permitted to proceed against Plaintiffs on the theory that it is a third-party beneficiary of the contract, and quotes from *Nash Engineering Co. v. Marcy Realty Corp.*, (1944) 222 Ind. 396, 414, 54 N.E.2d 263, 270, as follows:

"It is settled in Indiana that contracts for the erection of private buildings containing provisions that the contractor shall pay for all material afford to unnamed material men a remedy as third party beneficiaries *against the contractor.*" (Emphasis added.)

The language of *Nash, supra,* on its face, defeats Intervenor's argument in the case at bar. Here, there was no such provision in the contract requiring contractor to pay materialmen, and even if there were, the materialman's remedy as a third-party beneficiary is *against the contractor,* and not the owner against whom it is pursuing its cause of action. This result is compatible with the general principles of the third-party beneficiary doctrine. The party promising to perform the covenant to pay materialmen is the contractor, not the owner. It is the contractor's obligation under the contract which flows to the benefit of the materialmen as third-party beneficiaries. *See* 6 I.L.E. *Contracts* § 154 (1958). The materialmen's rights against the owners are stated in the mechanic's lien statutes.

## III. *Discharge in Bankruptcy*

Intervenor asserts that it, as creditor of Defendant, has a right, after Defendant has received his discharge in bankruptcy, to pursue Defendant's cause of action stated in his counterclaim against Plaintiffs. Intervenor has cited no authority with which to implement this theory. Our own research has likewise proven futile. We cannot agree with Intervenor for a number of reasons. First, Intervenor's claim against Defendant, upon which it must predicate its entire argument, is, itself, barred against Defendant by reason of

Defendant's discharge in bankruptcy. Secondly, any claim of Defendant against Plaintiffs was a disclosed asset of the bankrupt, the title to which would have vested in a trustee if one had been appointed, to be pursued in the bankruptcy proceedings for the benefit of all the creditors. Such an asset does not inure to the benefit of Intervenor alone. Even Defendant, after his discharge in bankruptcy, could not pursue his counterclaim against Plaintiffs. It is stated in 8B C.J.S. *Bankruptcy* § 559 (1963), at page 22, as follows:

> "The bankrupt, after his discharge, may not assert and enforce causes of action which vested in the trustee in bankruptcy and were not abandoned by him, or causes of action which should have vested in the trustee and as to which the bankrupt withheld information from the trustee." (Footnote omitted.)

Intervenor did not assert in trial court any abandonment of the claim. A bankrupt where a trustee is not appointed who intends to rely upon abandonment should seek a specific order of abandonment. 9 Am.Jur.2d *Bankruptcy* § 941 (1963); *In re Mirsky*, (1942 2nd Cir.) 124 F.2d 1017. *Mirsky* further held that where assets are so few that the appointment of a trustee would be needless expense, mere nonaction of creditors is not sufficient to constitute abandonment.

Further, Intervenor had rights in the bankruptcy proceedings. It could have petitioned to have a trustee appointed to pursue this claim. If Intervenor should have so asserted itself, and the trustee should have brought such an action, then in that proceeding Plaintiffs could have asserted their claim as a setoff to any liability to the trustee. 8B C.J.S. *Bankruptcy* § 559 (1963).

Intervenor's rights were embraced in mechanic's lien law and in the bankruptcy proceedings, and he may not assume the posture of a subrogee as attempted here. Judgment of the trial court is affirmed.

Affirmed.

ROBERTSON, P. J., and RATLIFF, J., concur.